**HORD v. UNITED STATES.**

No. L–491.

Court of Claims.

June 6, 1932.

Plaintiff sues to recover $3,962.38, additional income tax collected for 1918, and $729.73 paid in compromise of $1,637.57, penalty and interest for failure to pay the additional tax within 10 days after notice and demand. He contends that these amounts are refundable on the ground that they were collected after the expiration of the statute of limitation of five years. The defendant contends that a compromise offered by plaintiff and accepted by the Commissioner, with the advice and approval of the Secretary of the Treasury, finally closed the matter and precludes the plaintiff from maintaining this suit for the recovery of any portion of the tax or the amount paid in compromise.

### Special Findings of Fact.

1. March 25, 1919, plaintiff filed with the collector for the district of Nebraska tentative return for 1918 showing an estimated tax of $68,000, of which $17,000 was paid upon the submission of this return. June 17, 1919, he filed his completed return for 1918 disclosing a net income of $117,383.20 subject to normal tax, and a net income of $99,318.19 subject to surtax. The tax of $36,740.71 shown by this return to be due was assessed. Concurrent with this assessment, there was assessed a 25 per cent. penalty, amounting to $9,180.18, for failure to file the return within the prescribed time as extended. Seventeen thousand dollars having been paid upon the submission of the tentative return, the balance of $19,740.71 was voluntarily paid, without protest, in the amounts of $1,370.35 on June 17, 1919, and $9,185.18 each on September 16 and December 16, 1919.

2. July 28, 1921, plaintiff filed with the collector a claim for abatement of the penalty, and on March 1, 1922, the Bureau of Internal Revenue notified him that his claim for abatement would be rejected, advising him at the same time of his privilege of submitting an offer in compromise in lieu of the penalty. The abatement claim was accordingly rejected on schedule 254. An offer in compromise of $5 was then submitted and was accepted by the bureau in lieu of the delinquent penalty. The penalty was then abated on schedule 6257, dated June 27, 1923. No part of the original assessment is sought to be recovered in this suit. At the time the amount of $5 was accepted in compromise of the penalty for delinquency, the return had not been audited and the plaintiff's tax liability was not made a part of the compromise.

3. The Commissioner thereafter caused a field examination to be made of plaintiff's accounts and returns for 1916 to 1919, inclusive. An audit of the case in connection with the revenue agent's report and all other information then on file disclosed an overassessment for 1918 of $5,217.89.

April 7, 1923, a letter was addressed to the plaintiff by the Deputy Commissioner informing him that an examination of his returns and of his books of account and records for 1916 to 1919, inclusive, disclosed an additional tax for 1916 and 1917 aggregating $25,068.54 and overassessments for 1918 and 1919 amounting to $8,010.48, as well as the proposed adjustments for the other years audited in connection therewith.

May 18, 1923, a second letter was written by the Deputy Commissioner to the plaintiff

informing him that revision of his tax liability for 1917 had been made, and that the correct tax for that year had been found to be $34,337.69, instead of $58,634.96, as previously indicated, and that the additional tax of $13,916.94 had been changed to an overassessment of $10,380.33 for that year. Plaintiff was further informed that no changes had been made in his tax as previously indicated for 1916, 1918, and 1919, since his representatives had agreed to the adjustments for those years.

4. The overassessment indicated by the above-mentioned Bureau letters was listed to the collector for the district of Nebraska, who returned the schedule with the notation that in scheduling an overassessment of $5,217.80 for 1918 the Commissioner failed to take into consideration the fact that the penalty of $9,-180.18 assessed for failure to file the return within the prescribed time had been abated.

The Bureau made a recomputation accordingly, and on January 4, 1924, notified plaintiff of the error that had been made, and further notified him that, as a result of the correction thereof, there was a deficiency of $3,-962.38 for 1918 rather than an overassessment of $5,217.80, as first proposed.

No appeal was taken to the Commissioner within the thirty-day period prescribed therefor, and the deficiency was accordingly assessed by the Commissioner March 11, 1924.

5. March 25, 1924, the collector made demand upon plaintiff for the payment of this additional tax. The same remaining unpaid, the collector on May 8, 1924, made a second demand in which he included a specific penalty of 5 per centum amounting to $198.12 and interest at 1 per centum per month amounting to $19.81 for failure to pay the tax within ten days after the first notice and demand. Warrant of distraint was issued December 29, 1924. Protest was filed by plaintiff and conferences held with the internal revenue officials, plaintiff claiming that he was entitled to a refund of an overpayment for 1918 instead of owing an additional tax. No consent or waiver was signed for any postponement of the collection of the 1918 tax, and no claim in abatement was filed. The tax, however, remained unpaid. In March, 1927, the collector made another demand for the additional tax and 5 per cent. penalty amounting to $198.12, with interest of $1,439.45, being interest on the deficiency at 1 per cent. per month from the date of the first notice and demand.

April 6, 1927, plaintiff paid the additional tax of $3,962.38, and on April 12, 1927, submitted to the collector an offer of $729,-73 in lieu of the penalty and interest imposed for failure to pay the tax upon notice and demand, $719.73 being offered in lieu of the interest and $10 in lieu of the 5 per cent. penalty. The offer in compromise, which was prepared by the plaintiff's counsel and executed by the plaintiff, is as follows:

"Charges of violation of law or failure to meet an internal revenue obligation have been made against the undersigned as follows:

"Failure to pay additional income tax amounting to $3,962.38, for year 1918 within 10 days from date of collector's notice and demand.

"Date and place of alleged violation, March 25, 1924.

"The alleged violation or failure is due to the following cause or causes:

"It was deemed advisable to hold up the case pending the final settlement of several corporation cases closely related to taxpayer's case, namely, The Hord Company, Hord Alkali Products Co., and Lakeside Ranch Co., of Central City, Nebraska.

"Having paid or satisfied, without recourse, the tax or taxes assessed for the period involved; and having been advised of the privilege of submitting an offer in compromise of the liability incurred, as specified below, the sum of $729.73 is hereby tendered voluntarily with request that it be accepted as a compromise offer and that release be granted the undersigned from the following liability resulting from the violation or failure specified:

"The sum of $719.73, representing 6% interest from March 25, 1924, to April 5, 1927, the date of payment of the tax of $3,-962.38, for interest claimed by collector of $1,439.45 representing 12% interest per annum, for the period named. The sum of $10 for the penalty of 5% of the tax for failure to pay within 10 days amounting to $198.12. —Apr. 530009.

"The following facts and reasons are submitted as grounds for acceptance of the offer:

"The assessment was untimely since the computation of the tax depended upon the treatment of certain transactions affecting the taxpayer's case and the corporations named above and the corporation cases were settled only within the last few months. Also the interest rate of 12% per annum is excessive and the amount of interest sought to be collected, namely, $1,439.45, based on a tax liability of $3,962.38, together with a penalty

of $198.12, are unreasonable and out of proportion to the offense.

"It is understood that this offer does not afford relief from the liability incurred unless and until it is actually accepted, and that the offer can not be considered as having been accepted until the date on which formal notice of acceptance thereof is signed by the commissioner, costs, if any, to be paid by the undersigned."

The offer of compromise was duly transmitted by the collector to the Commissioner at Washington, April 16, 1927, with a recommendation that it be accepted for the reason: "That delay in making payment of the tax at the time of assessment was due principally to the fact that taxpayer was interested in several corporations or partnerships, returns for which for several years past were being audited by the bureau and the final result of such audit would be reflected in the individual return of the taxpayer. The amount submitted is on the basis of interest at the rate of 6 per cent. and, under the circumstances, I believe is an equitable settlement, and I recommend its acceptance."

At the time of the submission of the offer in compromise the legality of the additional assessment made against the plaintiff for 1918 of $3,962.38, which was paid by plaintiff on April 12, 1927, as hereinabove related, was not in issue.

May 18, 1927, plaintiff was notified that the Commissioner had considered the offer and had decided on May 11, 1927, with the advice and consent of the Secretary of the Treasury, to accept the amount deposited in full settlement of the liability and so close the case.

6. September 23, 1928, plaintiff filed a claim for refund of the tax of $3,962.38 and $729.73 accepted in compromise of the 5 per cent. penalty and interest. November 21, 1928, he was advised by letter that his claim would be rejected. In rejecting the claim with reference to the tax the Commissioner relied on section 278 (d) of the Revenue Act of 1924 as being applicable to the collection within six years after assessment. December 7, 1928, the refund claim was disallowed.

7. After the decision in Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, plaintiff requested a reopening of the case and allowance of the claim, based on that decision.

In response to this request the Commissioner advised plaintiff February 5, 1929, that " * * * When an offer in compromise is submitted and accepted, whether it covers taxes, penalty, and interest, or penalty and interest alone, the return becomes finally closed and can not be reopened for assessment or refund purposes. The provision in the particular offer submitted by you in this case to the effect that the tax assessed had been paid or satisfied without recourse is held by this office to be part consideration for the acceptance of the offer and a waiver of any and all claims for refund or overassessment for the year in question."

F. W. McReynolds, of Washington, D. C., for plaintiff.

John W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (H. C. Clark, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The question in this case is whether the plaintiff may maintain this action to recover an additional tax for 1918 of $3,962.38 paid April 6, 1927, and $729.73, offered and accepted April 12, 1927, in compromise of a 5 per cent. penalty of $198.12 and interest of $1,439.45 on the deficiency, or either of such amounts.

It is urged by the plaintiff, first, that there was no valid compromise since collection of the deficiency, penalty, and interest was barred by the statute of limitation at the time payment was made; second, that the deficiency in tax was not a part of the compromise, and that the statement in the offer that the tax had been paid "without recourse" was without significance; third, that the amount paid in compromise of the penalty and interest is also refundable, inasmuch as liability for the tax was extinguished before the offer in compromise of the penalty and interest was made and the amount thereof paid in 1927; and, fourth, that, since the tax and interest in question were paid after being barred, they must be refunded under section 607 of the Revenue Act of 1928 (26 USCA § 2607), regardless of the compromise agreement.

We are of the opinion that the offer of compromise and its acceptance by the Commissioner, with the approval of the Secretary of the Treasury, finally closed the case, and that plaintiff may not maintain this action to recover the additional tax or the amount paid in lieu of the penalty and interest. The ad-

ditional tax of $3,962.38 was made a part of the compromise agreement, in which the plaintiff stated that he had paid this tax "without recourse." It is evident from the language of the offer in compromise that its acceptance by the Commissioner was conditioned upon payment of the tax without recourse; the plaintiff's agreement in that regard having become a part of the contract, it must be given effect. Hennessy v. Bacon, 137 U. S. 78, 85, 11 S. Ct. 17, 19, 34 L. Ed. 605; Ely & Walker Dry Goods Co. v. United States (C. C. A.) 34 F.(2d) 429; Parish & Bingham Corp. v. United States (Ct. Cl.) 44 F.(2d) 993; Zemurray v. United States, 64 Ct. Cl. 657; Herbert Du Puy v. United States, 67 Ct. Cl. 348; Lyons v. Fitzpatrick, 52 La. Ann. 697, 27 So. 110. In Hennessy v. Bacon, supra, which involved a compromise, it was stated that "such a settlement ought not to be overthrown, even if the court should now be of opinion that the party complaining of it surrendered rights that the law, if appealed to, would have sustained."

■ We are unable to agree with the plaintiff that the compromise was invalid because collection of the tax, penalty, and interest was barred at the time paid and compromised. Both plaintiff and the defendant considered that, under section 278 (d) of the Revenue Act of 1924 (26 USCA § 1061 note), the government had six years from the date of the timely assessment in March, 1924, within which to make collection. Plaintiff now insists that the demand of the government was wholly without legal right and was not disputable. We cannot agree that the matters made the subject of the compromise were not disputable.

At the time of the compromise, the highest courts passing upon the question of the government's right to collect had held, in such cases, that, when the limitation period for assessment expired after the date of the enactment of the revenue act of 1924 and assessment of the tax had been timely made, the government had six years from the date of the assessment in which to enforce collection. In November, 1927, this conclusion was reached by the Circuit Court of Appeals, Fifth Circuit, in United States v. Russell et al., 22 F.(2d) 249. The question was not settled until January 2, 1929, by the decision in the case of Russell et al. v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255.

In Burnet v. Chicago Railway Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 140, 75 L. Ed. 349, the court said: "Whether or not the Commissioner would have been liable to the taxpayer for a collection made as the result of a jeopardy assessment in 1925, we need not determine. He clearly had the power to make such assessment and thereby compel the filing of a claim for abatement and the giving of a bond, or, if such claim and accompanying bond were not filed, to make collection and relegate respondent to an action at law. In the absence of a determination that this deficiency was barred, it was the Commissioner's duty to proceed to insure the assessment and collection of the tax. * * *" The fact that the parties misconstrued the law did not render the compromise invalid.

■ Plaintiff insists that section 607 of the Revenue Act of 1928 (26 USCA § 2607) specifically requires the refund of any tax, interest, or penalty paid after the period of limitation properly applicable thereto, if a timely claim is filed. We are of opinion, however, that this section does not apply in a case where the tax, penalty, and interest, paid after the expiration of the period of limitation, were the subject of a compromise agreement.

■ Plaintiff urges that, if the compromise of April 12, 1927, included the settlement of the additional tax, the first compromise of the penalty for delinquency, July 28, 1921, also included the settlement of the tax liability for 1918, and that the government was thereafter precluded from assessing and collecting any additional tax, penalty, and interest. The record, however, does not justify this conclusion. Plaintiff filed a claim for abatement specifically against the penalty for failure to file a return within the time required. He was advised that the claim would be rejected, but that he had the privilege of submitting an offer of $5 in compromise of the penalty. Accordingly, an offer in that amount was submitted in lieu of the penalty of 25 per cent. of the tax assessed upon the return, which offer was accepted and the penalty was abated. No investigation and audit of the return had been made, and nothing was said in the offer or in the acceptance thereof to indicate that either party intended finally to settle the tax liability.

The petition must be dismissed. It is so ordered.