J. Sidney LANIER

v.

INTERNAL REVENUE SERVICE and/or
J. E. Ozbolt, Internal Revenue Agent.

Civ. A. No. 14367.

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 16, 1971.

J. Sidney Lanier, pro se.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Upon petition of the United States Attorney, this action was removed to this court from the Superior Court of Fulton County.[1] The suit pertains to a dispute between plaintiff and the Internal Revenue Service with respect to plaintiff's 1969 income tax. The complaint recites a series of allegedly erroneous tax refunds, credits, and deficiencies, and requests that the court (a) enjoin IRS agents from padlocking plaintiff's office, (b) order IRS to account for certain checks, and (c) order an audit of plaintiff's 1968 and 1969 tax returns. The subject matter of this suit is identical to a suit filed by plaintiff in May, 1970, which was dismissed pursuant to Rule 41(a) (1) (ii) with prejudice. Asserting, inter alia, that the dismissal in Case No. 13747 is res judicata as to this action, the government has moved to dismiss.

The court is in agreement with the position taken by the government. Though it is difficult to characterize either of plaintiff's suits, both relate to plaintiff's tax refunds and tax liabilities for 1968 and 1969. Since both suits involve the same dispute, the dismissal with prejudice of the earlier action bars plaintiff from now attempting to resurrect the issues which he voluntarily elected not to litigate.

Even assuming that the doctrine of res judicata does not apply, plaintiff's complaint states no claim upon which relief can be granted. Plaintiff's prayer for injunctive relief cannot be granted since 26 U.S.C. § 7421 bars injunctive relief with respect to the assessment or collection of any tax. As to the prayers

for an accounting, they would appear to constitute, if anything, a suit for refund. So construed, the complaint is fatally defective in that there is no allegation that plaintiff has filed a claim for refund or credit with the Secretary, as required by 26 U.S.C. § 7422, and such an allegation is a prerequisite to a taxpayer's filing any suit for refund. Algonac Mfg. Co. v. United States, 428 F.2d 1241 (Ct.Cl.1970).

For the foregoing reasons, the government's motion to dismiss is granted.

---

[1] Plaintiff has neither moved to remand the case, responded to the government's motion to dismiss, nor taken any action

since the case was removed in November, 1970.