**BLACKMON & ASSOCIATES, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. CA 4–75–213.**

United States District Court,
N. D. Texas,
Fort Worth Division.

Jan. 26, 1976.

Robert L. Trimble, Winstead, McGuire, Sechrest & Trimble, Dallas, Tex., for plaintiff.

William W. Guild, Atty., Tax. Div., Dept. of Justice, Dallas, Tex., Larry Jones, Asst. Atty., Dallas, Tex., for defendant.

## ORDER

MAHON, District Judge.

There is now before the Court Defendant's Motion to Dismiss and Supplemental Motion to Dismiss on the grounds that the above-referenced action is barred by principles of res judicata and Section 7122 of the Internal Revenue Code due to the stipulation of dismissal with prejudice of a previous action entered in this Court.

On October 26, 1971, this Court entered a Stipulation and Order of Dismissal in *Blackmon & Associates, Inc. v. United States,* No. CA 4–1466, which reflected a settlement of Plaintiff's tax year ending February 29, 1968. Due to carrybacks of a sizeable net operating loss for the fiscal year ending February 29, 1972, Plaintiff has now freed up a $27,360 foreign tax credit for the fiscal year ending February 28, 1970, which Plaintiff seeks to carryback to its fiscal year ending February 29, 1968. Defendant argues that the fiscal year ending February 29, 1968, is now and forever closed to Plaintiff, due to the earlier settlement between the parties and the judgment entered by this Court.

■ Defendant misconstrues the nature of *res judicata. Res judicata* is applied in the same manner in tax cases as it is in the law generally. *See, e. g.,* 10 Mertens Law of Federal Income Taxation §§ 60.21–60.29. *Res judicata* applies only where both the parties and the issues in a lawsuit are identical to those in a previous lawsuit. Defendant correctly asserts that each tax year is a different issue and that once a tax year is closed, it is closed as to all claims concerning that tax year, since a taxpayer must combine all claims for a single tax year into one action. *Commissioner v. Sunnan,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Guettel v. United States,* 95 F.2d 229 (8th Cir), *cert. denied,* 305 U.S. 603, 59 S.Ct. 64, 38 L.Ed. 383 (1938); *Crocker v. United States,* 323 F.Supp. 718 (N.D.Miss.1971). Thus, a judgment on the merits in a former case involving the same claim and the same parties is an absolute bar to a subsequent action as to all matters which might have been decided. *Guettel, supra; United States v. C. C. Clark, Inc.,* 159 F.2d 489 (5th Cir. 1947) (Hutcheson, J., concurring). Res judicata, however, does not have the effect of extinguishing claims which did not then exist and which could not possibly have been sued upon in the previous case. *Sunnen, supra; Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 79 S.Ct. 865, 99 L.Ed. 1122 (1955); *Snyder v. Riddell,* 252 F.2d 23 (9th Cir. 1958).

■ In the present case, Plaintiff seeks to carryback, to a tax year that has already been litigated, a tax credit from a subsequent year that has been freed up by events that have occurred subsequent to the judgment on the prior tax year. The facts and accounting of Plaintiff's tax liability for the tax year ending February 29, 1968, have been finally determined as to all facts that existed at the time of the original lawsuit. But obviously Plaintiff could not have presented and litigated an issue which arose entirely subsequent to the previous judgment.

■ Nor does I.R.C. § 7122 nor Reg. § 301.7122–1(c) alter the scope of *res judicata* as discussed above. I.R.C. § 7122 merely authorizes settlements. Plaintiff points out that Reg. § 301.7122–1(c) applies only to compromises by the Commissioner, and not to settlements of lawsuits by the Attorney General. Even if Reg. § 301.7122–1(c) were applicable to the facts of this case, it would in no way change the Court's ruling. Reg. § 301.-7122–1(c) refers to "the case," which would clearly not include facts arising entirely subsequent to the compromise of the facts before the Commissioner. Thus, Reg. § 301.7122–1(c) merely states that such a compromise has the effect of *res judicata.*

Plaintiff and Defendant both rely on *United States v. Lane,* 303 F.2d 1 (5th Cir. 1962), for the proposition that tax compromises are contracts. As such, they are a bargain between the parties based on all facts which were, or could have been, present before the parties. To bar Plaintiff's carryback based on facts arising entirely subsequent to the contract would be to allow Defendant more than it bargained for.

Due to the treatment of the issues discussed above, it is not necessary for the Court to consider Plaintiffs' contention that Defendant's position is inconsistent with other provisions of the Code. *See* I.R.C. §§ 6511(a) & 6532(a).

Accordingly, the Court ORDERS that Defendant's Motion to Dismiss and Supplemental Motion to Dismiss are denied. The Court directs Defendant to answer, and both parties to proceed with discovery.