**Thomas S. and Joye B. HARTZOG**

v.

**The UNITED STATES.**

No. 169–82T.

United States Claims Court.

Dec. 13, 1984.

Harry W. Laughlin, III, Germantown, Tenn., for plaintiffs.

Kevin B. Shea, Washington, D.C., with whom was Asst. Attorney Gen. Glenn L.

Archer, Jr., Washington, D.C., for defendant.

## OPINION

YOCK, Judge:

This case comes before the Court on the defendant's motion to dismiss filed on the grounds that the Court lacks subject matter jurisdiction over the plaintiffs' claim, since the claim was not timely filed and the mitigation provisions of 26 U.S.C. § 1311 are inapplicable by their terms to relieve the plaintiffs from the jurisdictional defect. The plaintiffs have filed a response and the defendant a reply. For the reasons stated below, the defendant's motion to dismiss is granted.

### Facts

The plaintiffs, Thomas S. and Joye B. Hartzog ("plaintiffs"), on September 15, 1973, timely filed their joint income tax return for their 1972 tax year, reflecting a negative taxable income of $55,430. The plaintiffs timely filed their joint income tax return for their 1974 tax year, on September 15, 1975, reflecting a net operating loss (NOL) of $66,660 which could not be carried back to their 1972 tax year.[1] On June 23, 1976, the plaintiffs received a statement of income tax changes for tax year 1972 from the Internal Revenue Service ("IRS"), showing that the plaintiffs had a tax liability for 1972.

In December of 1976, the plaintiffs paid the additional taxes assessed and filed suit in U.S. District Court for the Western District of Tennessee, on August 31, 1978, seeking a refund of the additional taxes paid. The plaintiffs, however, failed to raise the issue of the carryback of their 1974 NOL to their 1972 tax year. By letter dated March 9, 1979, the plaintiffs forwarded a letter to the defendant proposing a settlement of the district court refund litigation.

Shortly before this offer of settlement, the plaintiffs filed with the IRS, on or about February 1, 1979, an administrative claim for refund for tax year 1972, seeking $71,695 for taxes paid plus assessed interest and statutory interest. This refund claim was based on the ground that the plaintiffs were entitled to carryback their 1974 NOL to their 1972 tax year. This carryback would eliminate the tax liability imposed on the plaintiffs as a result of the previously mentioned IRS adjustment of the plaintiffs' 1972 taxable income, which was the subject of the plaintiffs' district court refund suit.

On November 29, 1979, the plaintiffs' compromise offer was accepted by the IRS,[2] and, on March 24, 1980, the parties filed a stipulation voluntarily dismissing the district court suit with prejudice. On April 1, 1982, the plaintiffs filed this action, seeking to recover a refund of $71,695, plus interest, based on the carryback of their 1974 NOL to their 1972 tax year. The Government subsequently filed a motion to dismiss pursuant to Rule 12 of the Rules of this Court.

### Discussion

■ Pursuant to 26 U.S.C. § 7422(a), no suit for refund of any tax or penalty may be commenced in a federal court until a claim for refund has been filed administratively with the IRS in accordance with the relevant law and regulations. Further, 26 U.S.C. § 6511(a) provides that a refund claim must be filed within: (1) the later of three years from the time the return was filed or two years from the time the tax was paid if the taxpayer was required to file a return, or (2) two years from the time the tax was paid if no return was filed.

---

1. The 1974 NOL could not originally be carried back to their 1972 tax year, since the plaintiffs' 1972 tax return reflected a negative taxable income.

2. According to the Government, the plaintiffs' counsel submitted a letter dated March 9, 1979, to the Department of Justice proposing a settlement offer. The Department of Justice then transmitted the offer by letter dated March 16, 1979, to the IRS for its recommendation. After the IRS approved the offer, it was finally accepted on behalf of the Attorney General by letter dated November 29, 1979.

However, 26 U.S.C. § 6511(d)(2)(A) provides, with respect to NOL carrybacks, that the period of limitation is that period which ends three years after the time prescribed by law for filing the return for the taxable year for the NOL which results in such carryback. Thus, pursuant to section 6511(d)(2)(A), the statute of limitations for claiming a refund expired on September 15, 1978, with respect to the carryback of the plaintiffs' 1974 NOL to their 1972 tax year, since the plaintiffs' 1974 tax return, reflecting the NOL, was filed on or about September 15, 1975. Therefore, since the plaintiffs filed their refund claim on or about February 1, 1979, this Court lacks subject matter jurisdiction, provided, however, that the plaintiff is not entitled to avail himself of the benefits of 26 U.S.C. § 1311 *et seq.* (the mitigation provisions of the Internal Revenue Code ("IRC")). *See Taylor v. United States*, 215 Ct.Cl. 1017, 578 F.2d 1388 (1978); *Bondanza v. United States*, 207 Ct.Cl. 945, 521 F.2d 1405 (1975).

Section 1311(a) provides that if correction of the effect of an error occurring in a closed year (a year for which the statute of limitations has run) "is prevented by the operation of any law or rule of law, * * * other than section 7122 (relating to compromise settlements), then the effect of the error shall be corrected by an adjustment" as provided in section 1314. The issue presented, therefore, is whether a settlement agreement between the taxpayer and the Government, as evidenced by a voluntary stipulation of dismissal with prejudice filed in district court, constitutes a compromise under section 7122. If so, section 1311(a) is inapplicable to mitigate the effect of the statute of limitations in this action.

Section 7122 provides as follows:

(a) Authorization—The Secretary or his delegate may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.

This section authorizes either the Secretary of the Treasury or the Attorney General to compromise and settle a tax dispute, depending upon whether the case is being handled by the IRS or by the Department of Justice. Here, the district court refund litigation had been referred to the Department of Justice for defense. Therefore, the Attorney General had the authority to enter into a compromise settlement with the plaintiffs, without involving the IRS. Thus, the settlement agreement, between the plaintiffs and the Government, qualifies on its face as a compromise pursuant to section 7122.

The plaintiffs, however, argue that the parties did not comply with the formalities required to enter into a section 7122 compromise and, in addition, that the plaintiffs only intended to settle specified issues relating to their 1972 tax year when they compromised the district court refund case. In support of their argument, the plaintiffs rely on section 7122 and Treas.Reg. §§ 301.7122–1 and 601.203, which provide detailed mandatory procedures for entering into a section 7122 compromise. The Government has correctly pointed out, however, that these formalities do not apply to settlements with the Attorney General. Instead, they only apply to settlements with the Commissioner of Internal Revenue (as the delegate of the Secretary of the Treasury).

While section 7122(a) authorizes the Attorney General to compromise tax cases which have been referred to the Justice Department, section 7122(b) requires the Secretary of the Treasury to maintain a record of compromises the "Secretary" or his delegate has made. Further, both Treas.Reg. §§ 301.7122–1(a) and 601.203 relate only to the authority of the "Commissioner" to settle cases between the IRS and the taxpayer.[3] There is no indication, nor

---

**3.** Section 301.7122–1(a) provides, in relevant part, as follows:

"(a) In general. Except with respect to certain criminal liabilities arising under the internal revenue laws relating to narcotics, smoking

have the plaintiffs cited any authority for the proposition, that the sections of the IRC and Treasury Regulations cited by the plaintiffs were intended to apply to the Attorney General.

■ The plaintiffs' second assertion, namely, that they did not intend to settle all of the issues relating to their 1972 tax year is also without merit. It is well established that each tax year is the origin of a new liability and a separate cause of action. *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). In other words, each tax year is a separate issue. *Blackmon & Associates, Inc. v. United States*, 409 F.Supp. 1264, 1265 (N.D.Tex.1976). Once a tax year is closed, it is closed as to all claims concerning that tax year, including those that could have been presented. *Id. See also Erickson v. United States*, 159 Ct.Cl. 202, 216, 309 F.2d 760 (1962); *Lanier v. Internal Revenue Service*, 330 F.Supp. 634 (N.D.Ga.1971). As a result, a taxpayer must combine all claims for a single tax year into one action. *Blackmon & Assoc., Inc. v. United States, supra*, 409 F.Supp. at 1265. In *Blackmon*, the taxpayer and the Government had previously settled a district court case relating to the taxpayer's 1968 tax year by a stipulation of dismissal with prejudice. The court stated that this compromise would normally be *res judicata* for any subsequent case relating to tax year 1968. However, the court declined to bar a later action relating to tax year 1968 because facts arising subsequent to the previous judgment presented a different issue. *Id.* The court found that barring the second action based on *res judicata* would create an inequitable result. *Id.*

■ No such inequity would result here. The refund claim based on the carryback of their 1974 NOL to their 1972 tax year was in fact known to the plaintiffs before the

settlement of the district court refund suit, since they filed their administrative refund claim on or about February 1, 1979. The defendant did not accept the plaintiffs' offer of compromise until November 29, 1979. If the plaintiffs intended to assert an additional refund claim for tax year 1972 based on the carryback of their 1974 NOL, they should have either asserted it in the district court refund suit or, at the very least, have expressly reserved it in the stipulation filed with the district court.

■ In addition, the plaintiffs have argued that, even if the settlement agreement is determined to be a section 7122 compromise, it is not binding because of a mutual mistake of fact. If a mutual mistake of fact existed, this Court agrees that the compromise would not be binding. *See Morgan v. United States*, 80 Ct.Cl. 81, 8 F.Supp. 746 (1934). However, no mutual mistake of fact exists here. The plaintiffs assert that both they and the Government were unaware of the plaintiffs' 1974 NOL. In view of the fact that the plaintiffs filed their administrative refund claim based on the carryback of their 1974 NOL almost 10 months before the compromise offer was accepted by the Government, this Court must reject the plaintiffs' assertion that both parties were unaware of the instant claim. Further, if the instant case involves a mistake, it is a mistake of law, since the plaintiffs may have mistakenly believed that the settlement of the district court action would not preclude further action on the instant refund claim. However, the fact that the plaintiffs misconstrued the law does not render the compromise invalid. *Hord v. United States*, 75 Ct.Cl. 516, 524, 59 F.2d 125, 128 (1932).

■ Finally, even assuming that the settlement agreement did not constitute a compromise under section 7122, the plain-

opium, and marihuana, the Commissioner may compromise any civil or criminal liability arising under the internal revenue laws prior to reference of a case involving such liability to the Department of Justice for prosecution or defense."

In *Blackmon & Associates, Inc. v. United States*, 409 F.Supp. 1264, 1265 (N.D.Tex.1976), the Court quoted with approval the plaintiff's argument that Treas.Reg. § 301.7122–1(c) only applied to compromises by the Commissioner and not to settlements of lawsuits by the Attorney General.

tiff is not entitled to avail himself of the IRC mitigation provisions, since the "determination" requirement of section 1311(a) has not been satisfied. The plaintiffs have argued that the district court's dismissal with prejudice of their refund claim fulfilled the requirement of section 1311(a) that there be a "determination" pursuant to section 1313(a).[4] Further, the plaintiffs declare, in their response to the defendant's motion to dismiss, that "[t]he District Court ordered the dismissal of the case with prejudice, according to stipulation by both parties. It is submitted that this constitutes a 'order by any Court of competent jurisdiction, which has become final'."

The Government has correctly pointed out, however, that *no* such order of dismissal was ever issued by the district court. While the plaintiffs might have had an argument if the district court had issued an order dismissing the case, the mere stipulation of dismissal by the parties does not qualify as a determination of a court under section 1313(a)(1).

If, as in *Shields v. United States*, 265 F.Supp. 770 (N.D.Ohio 1965), *aff'd*, 375 F.2d 457 (6th Cir.1967), the district court had adopted the terms of a settlement as a basis for its decision and had, in fact, issued a decision, a determination under section 1313(a)(1) might exist. In cases involving mere stipulations of dismissal, however, the terms of the settlement are not formally adopted by the court so that, in most cases, it is impossible to divine from such a dismissal who is the prevailing party for purposes of applying the mitigation provisions. The congressional decision to exclude section 7122 compromises from the definition of "determination," therefore, is based upon solid reasoning and should not be disregarded.

## CONCLUSION

In summary, this Court finds that the settlement agreement concluded and filed in the district court case was a compromise with the Attorney General pursuant to his authority under 26 U.S.C. § 7122. Furthermore, the compromise, as a matter of law, closed the plaintiffs' 1972 tax year to all claims that were known or could have been known prior to the formal acceptance of the settlement on November 29, 1979. The section 7122 compromise falls within the express exception of 26 U.S.C. § 1311(a), and, therefore, the mitigation provisions are inapplicable. In the alternative, even assuming that the settlement agreement did not constitute a compromise under section 7122, the stipulation of dismissal did not satisfy the "determination" requirement of sections 1311(a) and 1313(a)(1). Thus, the statute of limitations contained in 26 U.S.C. § 6511(d)(2)(A) deprives this Court of jurisdiction. The defendant's motion to dismiss is granted.

---

**4.** 26 U.S.C. § 1313(a)(1) provides that:
"For purposes of this part, the term 'determination' means a decision by the Tax Court or a judgment, decree or other order by any Court of competent jurisdiction, which has become final."