**Martin WEINER, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 682–86T.**

United States Claims Court.

July 8, 1988.

Martin Weiner, Los Angeles, Cal., pro se.

Ellen C. Specker, Washington, D.C., with whom was Asst. Atty. Gen. William S. Rose, Jr., for defendant.

## ORDER

NETTESHEIM, Judge.

Defendant has moved to dismiss the complaint seeking refund of taxes pursuant to RUSCC 12(b), contending that plaintiff is not the real party in interest with respect to one of his claims and that this court lacks subject matter jurisdiction over plaintiff's remaining claims. Plaintiff has opposed, and argument was held after the case was transferred to this court.

## FACTS

The complaint sets forth the following facts. On or about April 15, 1981, Martin Weiner ("plaintiff") timely filed his 1980 tax return with the Internal Revenue Service (the "IRS"). Plaintiff's Form 1040 for 1980 declared a taxable income of $41,856.00 for which $13,436.00 was due in federal taxes. Plaintiff did not enclose payment with his return. Later, in February of 1982 (according to plaintiff), plaintiff filed an amended return. This form stated plaintiff's corrected income for 1980 as $10,756.00 and the corresponding federal tax as $1,558.00 and sought a refund of $13,436.00. At the time of this amended filing, plaintiff had paid the IRS approximately $9,300.00 of the $13,436.00 due under the original return. (Defendant says the amount paid or credited was $9,705.66.)

On or about March 22, 1983, plaintiff received an IRS Letter 693 disallowing his amended return. On May 31, 1983, plaintiff filed a second amended return seeking a refund of $13,436.00, although he alleges that he claimed approximately $8,500.00, i.e., the amount he paid minus the amount he deemed owing in his amended return. Plaintiff claims not to have received a response to the filing of this second return.

Plaintiff alleges that he made repeated attempts to seek assistance from the IRS beginning in June 1982 through the date that a tax levy was placed on his personal and business accounts in September 1986. Although plaintiff concedes an indebtedness of which he has paid approximately $9,300.00, he maintains that if the above claims had been acted upon in a fair and timely manner, the 1982 and 1983 taxes would have been settled fully before any interest or penalties were incurred.

On October 17, 1985, plaintiff—listing his occupation as President, Martin Weiner Selections, Inc., a wholesale wine firm—petitioned for bankruptcy as a debtor not engaged in business in the United States District Court for the Central District of California. In re Weiner, No. LA 85-14949-JD (C.D.Cal., filed Oct. 17, 1985). Plaintiff's schedule of assets did not include his claim for refund of taxes for 1980. On December 10, 1985, the bankruptcy trustee filed a report indicating that there were no assets to distribute to plaintiff's creditors. Plaintiff was adjudicated bankrupt by order dated May 20, 1986, which was entered on June 16, 1986. The case was closed on September 1, 1986.

On September 13, 1986, acting pursuant to section 6331 of the Internal Revenue Code, 26 U.S.C. § 6331 (1982) (the "I.R. C."), the IRS levied upon approximately $9,738.00 in plaintiff's personal and business bank accounts. Plaintiff challenged the levy on two grounds. First, he argued that the business accounts contained deposits from students for future wine classes, as well as profits arising out of activities after the adjudication of bankruptcy. Also erroneously levied on, according to plaintiff, was a joint account held with plaintiff's adult daughter. Second, plaintiff took the position that 11 U.S.C. § 524(a) discharged taxes, interest, and penalties due on the basis of plaintiff's 1980 federal tax liability.

On October 15, 1986, plaintiff mailed to the IRS a certified letter demanding that the IRS cease attempting to collect the unpaid taxes still owed by him for 1980 on the ground that this liability had been discharged in bankruptcy. The letter went further in requesting that the levied funds be applied to plaintiff's outstanding tax liabilities for 1982 and 1983.

Plaintiff filed this action on October 27, 1986, to obtain a credit and/or refund of $8,600 allegedly paid in excess of taxes due for 1980; to set aside the amount deemed due and payable for 1980 as discharged in the bankruptcy proceedings; and to set aside the interest and penalties for 1982 and 1983. Plaintiff calculates that he is due approximately $11,500 after all taxes due are paid.

At some time after suit was instituted, the IRS recognized its error in levying against plaintiff's accounts for the 1980 unpaid taxes, interest, and penalties which had been discharged in bankruptcy. Defendant advises that of the amount levied (which defendant claims to be $9,600.00), $5,127.65 has been applied to plaintiff's

outstanding taxes for 1982 and the remainder to plaintiff's 1983 taxes. Plaintiff does not dispute that the amount levied has been applied in this manner.

## DISCUSSION

Defendant seeks dismissal for lack of subject matter jurisdiction of plaintiff's claims to the levied funds and for abatement of the 1982 and 1983 taxes. In assessing whether a court has jurisdiction to consider plaintiff's claim, as well as whether the complaint states a claim upon which relief can be granted, all facts alleged by plaintiff must be accepted as true, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exchange Service,* 846 F.2d 746, 747 (Fed.Cir.1988), and the complaint has been considered accordingly. When defendant moved to dismiss the complaint, it relied on extra-pleading material which, pursuant to RUSCC 12(b)(4), entitled plaintiff to notice that the motion would proceed under Rule 56, thereby affording plaintiff the procedures available under Rules 56(f), (g) to respond to the motion. *Cf. Vink v. Hendrikus Johannes Schijf, Rolkan N.V.,* 839 F.2d 676, 677 (Fed.Cir. 1988). Although plaintiff was not so notified, the court inquired of plaintiff at argument whether he wished to supplement the record or took the position that the record was sufficient, from his perspective, to allow the court to rule on defendant's motion. Plaintiff equably rested on the record.

■ 1. At argument plaintiff clarified that his claim with respect to 1980 taxes was to ascertain the correct amount of his liability such that ar additional amount would be applied to his 1982 and 1983 taxes. Defendant responded that plaintiff is not the real party in interest with respect to this claim as a consequence of his having failed to schedule the claim to refund as an asset of the bankrupt estate.

RUSCC 17(a) requires that a case must be prosecuted in the name of the real party in interest. A case not prosecuted in the name of the real party in interest is subject to dismissal. *See* 6 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1554 (1971) [hereinafter "Wright & Miller"]. At issue is whether the claim to property was abandoned by the bankruptcy trustee and therefore reverted back to plaintiff or whether plaintiff's failure to schedule the refund as an asset precludes his claiming it as abandoned by the trustee.

11 U.S.C. § 521(1) requires a bankruptcy debtor to file a schedule of assets. Section 541(a)(1) further provides that the bankrupt estate includes all legal or equitable interests of the debtor in property as of the date the bankruptcy proceeding is commenced. The bankruptcy trustee, as he did in this case, may abandon scheduled assets. 11 U.S.C. § 554(a). Property that is not abandoned or administered by the trustee remains property of the estate. § 554(d).

Plaintiff's schedule of assets filed pursuant to his petition for bankruptcy did not include his claim for a refund of taxes for 1980. The Statement of Financial Affairs for Debtor(s) Not Engaged in Business, under the heading "Tax Returns and Refunds," asked "To what tax refunds (income or other), if any, are you, or may you be, entitled?" Plaintiff responded, "None." Plaintiff also did not schedule the claim for refund as a "Contingent and unliquidated claim" in the Summary of Debts and Property filed with his petition. Plaintiff defends these omissions by stating that counsel advised him not to include the refund because the amount claimed was offset by federal taxes owed. Plaintiff did note the potential liability on Schedule A–1, Creditors Having Priority: $18,000 was listed as a "disputed" amount owing to the IRS. However, there is no authority that identifying a liability as disputed alerts the trustee of a potential asset. That plaintiff received poor advice is unfortunate, but cannot relieve plaintiff of the consequence of failing to identify this potential asset. *Cf. Johnson v. Department of Treasury,* 721 F.2d 361, 365 (Fed.Cir.1983). The consequence in this case is that the trustee retained a tax refund claim that the bankruptcy debtor has failed to schedule. *See In re Medley,* 29 B.R. 84, 86–87 (Bankr.M.

D.Tenn.1983); *accord In re Harris*, 32 B.R. 125 (Bankr.S.D.Fla.1983).

██ Were it not for plaintiff's failure to disclose the claim, the trustee in bankruptcy would have been alerted to a possible asset of the estate. Because this claim was neither abandoned nor administered, it remains property of the estate. It could not have been abandoned by the trustee because the trustee did not know of its existence. As such, the claim does not revert to plaintiff, and plaintiff cannot maintain a claim to the refund because his bankrupt estate is the real party in interest. Dismissal of a claim under RUSCC 17(a) for want of real party in interest thus does not operate on the merits, so that the real party can maintain an action at a later time. *See* Wright & Miller, *id.*, at 704.

██ 2. By his complaint plaintiff also sought to recover the amount levied by the IRS in 1986. Although plaintiff seems to have abandoned this claim since the IRS has applied the amount to 1982 and 1983 taxes, this court lacks jurisdiction to consider the claim. Pursuant to I.R.C. § 7422(a), no suit for refund of any tax or any penalty may be commenced prior to filing administratively with the IRS. *E.g., Hartzog v. United States*, 6 Cl.Ct. 835 (1984); *Trout v. United States*, 1 Cl.Ct. 219, 221 (1983) (citing cases); *see United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931) (predecessor statute). Plaintiff failed to file a claim with the IRS for the amount levied against his accounts on September 13, 1986. However, by registered mail on October 17, 1986, plaintiff demanded that the IRS cease and desist collection of the 1980 taxes, interest, and penalties, which had previously been discharged in bankruptcy. This letter may have constituted a valid informal claim for a refund, but, even so, that would make plaintiff's filing of this action on October 27, 1986, premature, since I.R.C. § 6532(a)(1) provides that a court action can be commenced no earlier than six months after the claim is filed. This statute allows the IRS the opportunity to investigate and adjust claimed errors before a court intervenes. *See Felt & Tar-*

*rant Mfg. Co.*, 283 U.S. at 272–73, 51 S.Ct. at 377–78. Plaintiff's bringing this action prior to the end of this six-month period prevents this court from taking jurisdiction over plaintiff's claim if he still presses it.

██ 3. Plaintiff has requested that the interest and penalties assessed against him for 1982 and 1983 taxes be set aside and voided by the court. This claim is beyond the jurisdiction of this court. The Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), confers power to render a monetary judgment on a claim for a refund of taxes. This court has no power to order the abatement of interest and penalty charges not yet paid. *See Flora v. United States*, 357 U.S. 63, 70, 78 S.Ct. 1079, 1084, 2 L.Ed.2d 1165 (1958); *Frise v. United States*, 5 Cl.Ct. 488 (1984). Moreover, plaintiff has not filed a claim with the IRS with respect to his 1982 and 1983 taxes. I.R.C. § 7422(a).

### CONCLUSION

Based on the foregoing, defendant's motion to dismiss is granted. The Clerk of the Court shall dismiss the complaint (1) without prejudice with respect to plaintiff's claim for refund of 1980 taxes and (2) for want of subject matter jurisdiction with respect to plaintiff's claim to the levied funds and plaintiff's refund claims for 1982 and 1983.

No costs.