**Yuriy E. LYASHENKO**

v.

**The UNITED STATES.**

No. 98–136T.

United States Court of Federal Claims.

Aug. 14, 1998.

Yuriy E. Lyashenko, Arlington, TX, plaintiff pro se.

Steven I. Frahm, Washington, DC, with whom was Assistant Attorney General Loretta C. Argrett, for defendant. Mildred L. Seidman, of counsel.

## OPINION

YOCK, Senior Judge.

This tax case, in which the plaintiff seeks a refund, a declaratory judgment, and an injunction, is currently before the Court on the defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated herein, the Court allows the defendant's motion and dismisses the plaintiff's Complaint for want of jurisdiction.

### Background

The plaintiff, Yuriy Lyashenko, is a Russian citizen who arrived in the United States on February 9, 1997, to conduct research at the University of Texas (the "University"). The University's Chemistry Department awarded the plaintiff a Postdoctoral Re-search Fellowship, which carried a stipend of $22,000 for the period February 7, 1997, through February 6, 1998. On February 11, 1997, the plaintiff signed a form accepting award of the fellowship and the conditions pertaining thereto. One of the conditions explicitly recited in the form signed by the plaintiff provided that the plaintiff would be considered a full-time employee of the University.

Over the plaintiff's numerous objections, the University withheld income taxes totaling $2,174.87 from his 1997 earnings. On November 16, 1997, the plaintiff met with a representative of the Internal Revenue Service ("IRS") Problem Resolution Program to explain his position that taxes should not be withheld from his stipend pursuant to a tax-related treaty between the United States and the Russian Federation (the "Treaty"). The plaintiff asserted that Article 18 of the Treaty, entitled "Students, Trainees and Researchers," precludes the withholding of amounts from his stipend for the purpose of paying income taxes. The pertinent language of that Article provides:

1. An individual who is a resident of a Contracting State at the beginning of his visit to the other Contracting State and who is temporarily present in that other State for the primary purpose of:

\* \* \* \*

c) studying or doing research as a recipient of a grant, allowance, or other similar payments from a governmental, religious, charitable, scientific, literary, or educational organization,

shall be exempt from tax by that other State with respect to payments from abroad for the purpose of his maintenance, education, study, research, or training, and with respect to the grant, allowance, or other similar payments.

Convention for the Avoidance of Double Taxation, Dec. 16, 1993, U.S.–Russ., art. 18, 1993 WL 841567, at \*11.

In a letter dated December 12, 1997, the District Director of the IRS Problem Resolution Program informed the plaintiff that the IRS concurred with the University's refusal to exempt the plaintiff from the withholding

of amounts from his stipend for the payment of income taxes. The letter explained that the University "has characterized its payments to you as wages or compensation for personal services as an employee." (Compl. at 17.) Referencing the Treaty provisions upon which the plaintiff relied, the letter set forth the IRS position that "[t]he wages paid to you by [the University] are *not* payments from abroad and are *not* other qualifying payments, therefore the wages paid by [the University] are *not* exempt from [income tax withholding] under Article 18." (*Id.*)

The plaintiff filed his 1997 tax return on January 3, 1998, in which he requested a refund of $2,174.87. On February 20, 1998, the plaintiff filed his Complaint in this Court. In his Complaint, the plaintiff requests (1) a declaratory judgment to the effect that his 1998 income is exempt under the Treaty, (2) a declaratory judgment to the effect that the IRS position articulated in the letter of December 16, 1997, is arbitrary, an abuse of discretion, and not in accordance with the facts, (3) a refund of the amounts withheld from his income in 1997, and (4) costs and fees.

On March 2, 1998, the IRS refunded the full amount that the plaintiff claimed on his 1997 tax return. The defendant filed its Motion to Dismiss on April 1, 1998, contending that this Court does not have jurisdiction over the plaintiff's action. The plaintiff opposes the defendant's motion and has countered with a motion for summary judgment. Oral argument was not requested and is deemed unnecessary.

### Discussion

The plaintiff bears the burden of establishing subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Walker v. United States*, 40 Fed.Cl. 666, 669 (1998). In the instant matter, many legal principles operate to mitigate the plaintiff's task. First, subject matter jurisdiction has been attacked in a motion to dismiss. Such motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer*

*v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Sanders v. United States*, 34 Fed.Cl. 38, 43 (1995). Second, in evaluating a motion to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683; *see also Sanders*, 34 Fed.Cl. at 42. Finally, the plaintiff in this case is proceeding *pro se*, and thus his pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Bienville v. United States*, 14 Cl.Ct. 440, 445 (1988). In a nutshell, the aforementioned case law indicates that, although the plaintiff bears the burden of establishing subject matter jurisdiction, this Court should liberally construe the plaintiff's filings in determining whether this *pro se* complainant has met that burden.

The United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act, 28 U.S.C. § 1491 (1994), provides the core governmental consent for suits to be brought against the Government in this Court. The statute provides:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). This statute, however, does not create any substantive right enforceable against the United States for money damages; rather, it "merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Consequently, in order to maintain a suit in this Court, the plaintiff must demonstrate that his substantive right to recovery exists in some other provision of the Consti-

tution, act of Congress, or executive department regulation, which specifically waives the Government's sovereign immunity and authorizes suit against the Government for money damages. *See United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). In other words, maintenance of a suit here depends on "whether the statutes or constitutional provisions allegedly violated, require the payment of money damages for the violation." *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987). Equitable relief "may only be granted if it is collateral to a judgment that is steeped in a money-mandating jurisdictional statute." *Walker,* 40 Fed.Cl. at 670; *see also Skinner v. United States,* 219 Ct.Cl. 322, 333–34, 594 F.2d 824, 829 (1979); *Hassler v. United States,* 34 Fed. Cl. 695, 699 (1996).

The specific waiver of sovereign immunity that allows the plaintiff to bring a suit for a refund of taxes paid is codified at 26 U.S.C. ("I.R.C.") § 7422(a) (1994). The applicable verbiage of that provision gives taxpayers a judicial forum in which to seek "the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * *." I.R.C. § 7422(a); *see also* 28 U.S.C. § 1346(a)(1) (conferring jurisdiction upon the district courts, concurrent with the Court of Federal Claims, over claims for refunds of taxes "alleged to have been erroneously or illegally assessed or collected * * *.").

■ A waiver of sovereign immunity, however, must be strictly construed to conform with any limitations upon that waiver imposed by Congress. *See Dalehite v. United States,* 346 U.S. 15, 31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). One such limitation applicable to the instant case is that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax * * * until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard * * *." I.R.C. § 7422(a). A second congressionally-imposed limitation on the waiver of sovereign immunity for tax refund suits is that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax * * * shall be begun before the

expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time * * *." I.R.C. § 6532(a)(1). A final tax-related restriction, known as the Anti–Injunction Act, generally prevents taxpayers from filing suit to prevent the assessment or collection of taxes by the IRS:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

I.R.C. § 7421(a). These statutory restrictions on the Government's waiver of sovereign immunity play a dispositive role in the resolution of the plaintiff's claims.

The Complaint asserts four counts. First, the plaintiff seeks a refund of amounts withheld from his stipend by the University and submitted to the IRS during the 1997 tax year. Second, the plaintiff seeks a refund of amounts withheld from his stipend by the University and submitted to the IRS during the 1998 tax year. Third, the plaintiff requests a declaratory judgment to the effect that payroll taxes should not be withheld from his stipend and an injunction preventing the Government from further collecting amounts from his stipend. Finally, the plaintiff requests costs incurred in bringing the instant action.

■ The plaintiff's Complaint is technically barred by the jurisdictional time constraints imposed by I.R.C. § 6532(a)(1). That statutory provision prevents a taxpayer from filing a tax refund suit "before the expiration of 6 months from the date of filing the claim required under [I.R.C. § 7422(a)] unless the Secretary renders a decision thereon within that time * * *." The purpose of this provision is to "allow[ ] the IRS the opportunity to investigate and adjust claimed errors before a court intervenes." *Weiner v. United States,* 15 Cl.Ct. 43, 46 (1988). The plaintiff filed his 1997 tax return, which constituted his claim for refund, on January 3, 1998. He filed his Complaint in this Court on February 20, 1998. Conse-

quently, he did not give the IRS the required six-month window of opportunity to evaluate his claim prior to seeking judicial intervention in this Court. In light of the clear mandate of I.R.C. § 6532(a)(1), this Court lacks subject matter jurisdiction over the plaintiff's Complaint.

The Court, however, is mindful of the fact that the plaintiff is proceeding *pro se.* In keeping with the leniency afforded the pleadings of such complainants, this Court could have dismissed the plaintiff's premature Complaint without prejudice and could have permitted the plaintiff to refile its Complaint once the six-month evaluation period had expired. The Court, admittedly exercising an extreme abundance of caution for the benefit of the plaintiff, will construe the plaintiff's Complaint in such a manner.

Presuming a constructive filing date of July 6, 1998 (the first business day after the six-month IRS evaluation period), it is apparent that the plaintiff has no claim for a refund of taxes paid in the 1997 tax year. During the allowable six-month period, the IRS reviewed the plaintiff's claim for a refund of $2,174.87 and refunded that full amount to him on March 2, 1998. With respect to the 1997 tax year, the plaintiff has received the full refund that he seeks in the instant case, and thus he no longer has a claim over which this Court could assert jurisdiction.

██ With respect to the plaintiff's claim for a refund of amounts withheld from his stipend and submitted to the IRS thus far in the 1998 tax year, the plaintiff has failed to fulfill the requirements of I.R.C. § 7422. Pursuant to that provision, a taxpayer cannot maintain a suit for the recovery of any internal revenue tax "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a). The plaintiff has not yet filed a claim for refund with the IRS with respect to any 1998 taxes, and thus his claim for refund of amounts withheld from his stipend and submitted to the IRS during 1998 fails to meet the jurisdictional prerequisite of I.R.C. § 7422.

██ The plaintiff also seeks a declaration from this Court to the effect that he is exempt from federal income taxes, based upon a treaty between the United States and Russia, and an injunction to prevent future withholding of taxes from his stipend. The declaration sought by the plaintiff appears to fall outside the scope of this Court's jurisdiction, because this Court is generally proscribed from issuing declaratory judgments. *See United States v. King,* 395 U.S. 1, 5, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Moreover, the equitable relief sought by the plaintiff, in the form of a declaratory judgment and an injunction, runs afoul of the Anti–Injunction Act. The language of that statute states explicitly that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person * * *." I.R.C. § 7421(a). The few exceptions to this rule are inapplicable to the plaintiff's claims. Accordingly, this Court lacks jurisdiction over the plaintiff's claims for declaratory and injunctive relief.

For the aforementioned reasons, this Court does not have subject matter jurisdiction to weigh the merits of the plaintiff's claims. Consequently, it cannot award the plaintiff the costs of bringing the instant suit. *See* RCFC 54(d).

At first blush, the resolution of the plaintiff's claims in the instant case may seem harsh. After all, if the plaintiff indeed owes no federal income taxes, he loses the opportunity to use the amounts withheld from his stipend until the tax year ends and he files for a refund of those amounts withheld. However, such is the nature of this country's tax assessment and collection system. In order to-bring suit in this Court, the plaintiff must pay the taxes assessed, file a claim for refund with the IRS in accordance with I.R.C. § 7422(a), and then wait six months (unless the IRS rules adversely on the claim within that time) in compliance with I.R.C. § 6532(a). This procedure offers the plaintiff a "full, albeit delayed, opportunity to litigate the legality of the Service's" position that the terms of the treaty relied upon by the plaintiff do not exempt him from payroll withholding taxes. *Bob Jones Univ. v. Si-*

*mon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

As the Supreme Court has recognized, the current method of delayed review of taxpayers' claims might not be "the best that can be devised." *Id.* at 747, 94 S.Ct. 2038. However, "some delay may be an inevitable consequence of the fact that disputes between the Service and a party challenging the Service's actions are not susceptible of instant resolution through litigation." *Id.* In weighing the relative interests, the delay suffered by a taxpayer yields to "the powerful governmental interests in protecting the administration of the tax system from premature judicial interference." *Id.; see also Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) (articulating that "[t]he manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue.").

Accordingly, the defendant's Motion to Dismiss the plaintiff's Complaint for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), is granted.

## CONCLUSION

For the aforementioned reasons, the defendant's Motion to Dismiss the plaintiff's Complaint for lack of subject matter jurisdiction is allowed. The Clerk of the Court is to enter judgment dismissing the plaintiff's Complaint.

Each party is to bear its own costs.