**STATEN ISLAND HYGEIA ICE & COLD STORAGE CO. v. UNITED STATES.**

**No. 351.**

Circuit Court of Appeals, Second Circuit.

July 17, 1936.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

## SWAN, Circuit Judge.

This is a suit under the Tucker Act (28 U.S.C.A. § 41 (20) to recover 1918 taxes in the sum of $7,432.75 erroneously paid after collection was barred by the statute of limitations. As incidental to the judgment sought, the complaint prayed that a compromise agreement executed between the taxpayer and the commissioner be set aside. Consequently, the action was transferred from the law side of the court and heard on the equity side. From an order directing that the complaint be dismissed on the merits, and from the judgment entered pursuant thereto, the plaintiff, Staten Island Hygeia Ice & Cold Storage Co, has appealed.

In June, 1919, the taxpayer filed its tax return for the year 1918 and duly paid the tax thereby shown to be due. Thereafter, in May, 1924, an additional tax of $5,303.83 was assessed. This sum, together with part of the interest accruing thereon at 12 per cent. per annum from the date of assessment, was paid in installments between May 20, 1926, and March 28, 1928, and further payments of interest were made on August 14, 1928, and January 18, 1929. All these payments were made after the time for legal collection, which expired on January 25, 1925, though neither the taxpayer nor the collector of internal revenue knew that the statute had run. Such was the construction given it in Russell v. United States, 278 U.S. 181, 49 S.Ct. 121, 73 L.Ed. 255, decided January 2, 1929. In May, 1930, the taxpayer filed a claim for refund, alleging, among other things, that the tax was barred when collected. The claim was rejected in August, 1931, on the ground that the taxpayer had made the compromise agreement hereafter to be described. This suit followed on June 7, 1932.

There can be no question—indeed, it is conceded—that the plaintiff would be entitled to recover under section 607 of the Revenue Act of 1928, 45 Stat. 874, 26 U.S.C.A. § 1670 (a) (2) and note, except for the compromise agreement. In September, 1929, a deputy collector of internal revenue made a demand upon the taxpayer for payment of a delinquency penalty of $268.19 and additional interest of $260.86 for failure to pay the 1918 taxes on time, and suggested that his demand

Benjamin Mahler, of New York City (Irving Levinson and Sol A. Klein, both of Brooklyn, N. Y., of counsel), for appellant.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and E. E. Angevine, Sp. Assts. to the Atty. Gen., and Leo J. Hickey, U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., for the United States.

could be settled for $25. He presented a paper, saying, "Sign that paper and that will clear you." The taxpayer thereupon paid him $25 and signed the paper without reading it. It was an offer of compromise on the usual form and was thereafter accepted by the commissioner and approved by the Secretary of the Treasury pursuant to section 3229 of the Revised Statutes (26 U.S.C.A. § 1661 and note). By its terms the taxpayer expressly compromised the claim "for failure to pay 1918 additional taxes on time" and waived "any and all claims ·to refunds or overpayments" to which he might be entitled and "the benefit of any statute of limitations affecting the collection of the liability sought to be compromised." Unless it can be set aside, it is a bar to the present suit. Holding that the compromise concluded the plaintiff, the District Court dismissed the complaint on the merits.

The taxpayer seeks to avoid the compromise (1) as unauthorized by the statute; (2) on the theory that both parties acted under a mutual mistake, namely, that the additional tax was collectible for six years after the assessment, instead of five years after the return, as Russell v. United States decided; and (3) on the ground that this mistake was induced on the part of the taxpayer by misrepresentations of government agents. In July, 1927, the taxpayer had written a letter to the collector asking whether the government was barred from collecting the 1918 tax. No direct reply to this letter was received, but on February 18, 1928, a person describing himself as "Chief Field Deputy" of the collector wrote the taxpayer concerning its additional taxes for 1918 and subsequent years, and concluded his letter with the statement: "We have gone very carefully into the matter and you are advised that all of the above tax is legally due. We make this statement lest you may have a misapprehension as to one or two of the older items." All but $1,000 of the payments in question were made subsequent to the receipt of this letter, in reliance upon it, and under threat of distraint if the sums demanded were not paid. It was also relied upon when the compromise offer was made. Although the above-quoted statement that the tax was due was a misrepresentation of the law, it was innocently made, since the Russell Case had not then been decided. This decision came down about nine months later. In the Treasury Decisions issued on January 24, 1929, the

Secretary of the Treasury caused to be published a copy of the Russell opinion "for the information of internal revenue officers and others concerned." Consequently the plaintiff argues that the deputy collector who procured the compromise offer in September, 1929, was charged with knowledge that collection of the sums then demanded was barred by the statute, and that his misrepresentation that they were owing cannot be deemed innocently made. Throughout the period under review the taxpayer consulted no lawyer, accountant, or tax expert concerning its 1918 tax liability.

■ The taxpayer's first argument, that the compromise agreement is void because it was executed subsequent to January 1, 1929, and when collection of the compromised tax was barred by the statute of limitations, is based on section 278 (f) of the Revenue Act of 1926, added by section 506 (b) of the Revenue Act 1928 (45 Stat. 870). This reads as follows: "(f) Any agreement which would be within the provisions of subdivision (c) or (d) of this section but for the fact that it was executed after the expiration of the period of limitation extended by such agreement, shall be valid and effective according to its terms if entered into after the enactment of the Revenue Act of 1928 and before January 1, 1929." An agreement of compromise, however, is not an agreement "which would be within the provisions of subdivisions (c) or (d)." They relate respectively to waivers extending the period for assessment and collection. Even if subdivision (f) could be construed to invalidate the express waiver of the statute of limitations contained in the compromise offer, it would leave untouched the compromise of tax liability and the waiver of "all claims to refunds or overpayments." Compromise agreements are authorized by R.S. § 3229 (26 U.S.C.A. § 1661 and note). This contains no requirement that the compromise must be executed before the tax is barred by the statute of limitations, and it would be quite unjustifiable to find in section 278 (f) an expression of congressional intent to add such a condition.

■ It is further argued that if no liability exists, there is no claim to be compromised; that R.S. § 3229 (26 U.S.C.A. § 1661 and note) presupposes the existence of such a claim and authorized a compromise only in that event. Expressions in the opinion in Big Diamond Mills

Co. v. United States, 51 F.(2d) 721, 726 (C.C.A.8), are relied upon, but they do not sustain this contention. There the compromise related only to interest, and the court construed the agreement as carrying the implied condition that if the tax was repaid because unauthorized, the interest would also be repaid. See, also, Colorado Milling & Elevator Co. v. Howbert (C.C.A.) 57 F.(2d) 769, 772. These cases relate to a construction of the agreement not of the statute. We think it beyond question that the statute permits the compromise of a disputed claim, even though legally the claim was barred by limitations or otherwise unfounded, for a party by settlement may surrender rights that the law, if appealed to, would have sustained. Hennessy v. Bacon, 137 U.S. 78, 85, 11 S.Ct. 17, 34 L.Ed. 605; Hord v. United States, 59 F.(2d) 125, 128 (Ct. Cl.); Lone Star Brewing Ass'n v. United States, 61 Ct.Cl. 118.

■ If the compromise is to be set aside, it must be because the parties acted under a mutual mistake, or because the agreement was obtained under circumstances which make it inequitable for the government to enforce it. The compromise was made on the assumption that the sums previously paid had been legally collected and that the penalty and additional interest presently demanded were still collectible. This assumption was erroneous. Were it a mutual mistake of fact, undoubtedly the plaintiff should recover. Morgan v. United States, 8 F.Supp. 746, 751 (Ct.Cl.). But it is not; it is a mistake of law. Ordinarily the fact that the parties have misconstrued the law does not render the compromise subject to rescission by one of them. Hord v. United States, 59 F.(2d) 125 (Ct.Cl.). Eminent legal authors have urged that mistakes of law and mistakes of fact should be put on the same footing. Williston, Contracts (2d Ed.) § 1581; Pomeroy, Equity Jurisprudence (4th Ed.) § 849. See, also, Cooper v. Phibbs, L. R. 2 H. L. 149, 170; Lansdowne v. Lansdowne, 2 Jac. & W. 205; Reggio v. Warren, 207 Mass. 525, 536, 93 N.E. 805, 32 L.R.A.(N.S.) 340, 20 Ann.Cas. 1244; Order of United Commercial Travelers v. McAdam, 125 F. 358, 368 (C.C.A.8). The appellant asks us to adopt this view; but a choice between its adoption or rejection is not squarely presented by this record. Here we have a situation where the plaintiff's mistake as to his legal rights was induced by the representations of a deputy collector of internal revenue, who presumptively would know the law, if it had been authoritatively established, and on whose knowledge the plaintiff might reasonably rely. The deputy collector's demand for payment of the penalty and additional interest was a representation that they were legally collectible and that collection could, and would, be enforced unless the compromise were made. If the law were disputable and the collector were demanding payment in accordance with his duty, it may well be that a compromise so induced should be allowed to stand. Such was the case of Hord v. United States, 59 F. (2d) 125 (Ct.Cl.). But in the case at bar the law was no longer in doubt; the Supreme Court had settled that collection of the asserted claims could not be made, and official information of that decision had been given to internal revenue officers by the January, 1929, issue of Treasury Decisions; hence the deputy collector was acting contrary to his duty in demanding payment. Under such circumstances, to allow the government to insist upon a compromise induced by its agent's misrepresentation of its rights against a taxpayer, and thereby to retain the prior payments which it was legally bound to refund, would be highly inequitable and is not sanctioned by the authorities. In Panther Rubber Mfg. Co. v. Commissioner, 45 F.(2d) 314, 316 (C.C.A.1), and Pictorial Printing Co. v. Commissioner, 38 F.(2d) 563, 564 (C.C. A.7), the courts invalidated waivers obtained under analogous circumstances. Between private parties it seems to be well established that equitable relief may be had where a mistake as to the plaintiff's legal rights is induced by misrepresentations, even though innocently made, if it is reasonable for the plaintiff to rely upon the presumably greater knowledge of the defendant. See Snell v. Insurance Co., 98 U.S. 85, 91, 25 L.Ed. 52; Order of United Commercial Travelers v. McAdam, 125 F. 358, 369 (C.C.A.8); Berry v. American Central Ins. Co., 132 N.Y. 49, 54, 30 N. E. 254, 28 Am.St.Rep. 548. It should make no difference that the United States is the party against whom rescission is sought. Although the sovereign may not be liable to respond in damages for the torts or frauds of its agents and is not bound by the mistakes of its agents in making erroneous tax returns [Talcott v. United States, 23 F.(2d) 897, 901 (C.C.A.9); Champ Spring Co. v. United States, 47 F.(2d) 1,

3 (C.C.A.8)], where the United States seeks to adopt the benefit of an agent's act in procuring the offer of compromise it must also take the burdens accompanying that act. If the deputy collector acted beyond his authority in demanding payment of an outlawed tax and in soliciting the offer of compromise, his agency was nevertheless ratified when the government took advantage of the offer he had procured. There is nothing in the nature of sovereignty or in the recognized prerogatives of the sovereign which would allow the government to take and keep a right without the accompanying burden that modifies it, namely, in this case, voidability for misrepresentation. Cf. United States v. State Nat. Bank, 96 U.S. 30, 36, 24 L.Ed. 647.

For the foregoing reasons we think it was error to dismiss the complaint.

Judgment reversed.