*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0386P (6th Cir.)
File Name: 03a0386p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant,*

v.

No. 02-3260

PATRICK M. DONOVAN,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 01-01457—James Gwin, District Judge.

Submitted: June 17, 2003

Decided and Filed: October 31, 2003

Before: BOGGS, Chief Circuit Judge; GILMAN, Circuit
Judge; and MARBLEY, District Judge.*

_____

### COUNSEL

**ON BRIEF:** Robert J. Branman, David English Carmack,
UNITED STATES DEPARTMENT OF JUSTICE, TAX

_____

\* The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

DIVISION, APPELLATE SECTION, Washington, D.C., for
Appellant. Irving Bell, Cleveland, Ohio, for Appellee.

_____

### OPINION

_____

BOGGS, Chief Circuit Judge. The United States appeals
the order of summary judgment entered by the district court,
dismissing its complaint against Patrick Donovan, in which
it sought to reduce to judgment certain tax assessments. For
the following reasons, we reverse and remand to the district
court so that it may enter summary judgment in favor of the
government.

### I

Donovan was a responsible officer at J.A. Clark
Mechanical, Inc. ("Clark") during 1985 and 1986. Clark
failed to pay certain employment tax liabilities that were
withheld from employees' wages. The IRS determined that
Donovan was a person responsible for Clark's failure to pay
the withheld taxes, and that he willfully allowed other
creditors to be paid ahead of the government. The IRS made
an assessment against Donovan "for unpaid tax liabilities for
trust fund related penalties," pursuant to I.R.C. § 6672. The
assessment was made on March 16, 1989 in the amount of
$154,570.13.

The government had ten years after assessment to bring suit
to collect the tax liability, unless an exception to the ten-year
statute of limitations existed. I.R.C. § 6502(a)(1). The statute
of limitations could be extended by an agreement in writing
by the IRS and Donovan before the expiration of the ten-year
limit. I.R.C. § 6502(a)(2). Several months prior to March 16,
1999, the date the statute of limitations would expire,
Donovan made the IRS an offer in compromise on IRS Form

656. Form 656 contains an explicit agreement by which the statute of limitations is extended.

On April 18, 2000, Donovan sent the IRS a withdrawal of his offer in compromise. The IRS sent a return letter, dated April 28, 2000, acknowledging the withdrawal of the offer, stating that "[y]our offer is considered withdrawn as of 04/18/00."

On June 13, 2001, the government filed this suit. The total amount due as of May 18, 2001 was $466,936.21. Donovan filed a motion for summary judgment, arguing that the suit was barred by the statute of limitations. The district court entered summary judgment in favor of Donovan.

The dispute centers on when the statute of limitations began to run again: (1) on April 18, 2000, the date Donovan faxed his letter withdrawing the offer, and the date the return letter indicated that his offer was considered withdrawn; or (2) April 28, 2000, the date the IRS acknowledged the withdrawal in writing. Donovan argues that the period the offer was pending ended on April 18, which would cause the statute of limitations to expire on June 4, 2001. The government argues that the period the offer was pending expired on April 28, 2000, and that the statute of limitations ended on June 14, 2001.

The district court stated in its opinion that Form 656 was a contract, and thus had to be interpreted under contract law. It found that the terms were clear and unambiguous, and that there were no issues of fact to be determined. The court went on to state that the contract's interpretation required the court to discern the parties' intent. It concluded that the intent of the parties was to interpret the agreement terms to comport with the IRS's standard practice, as the agreement was on an IRS standard form. The court concluded that IRS's standard practice was to consider the withdrawal of a settlement offer effective as of the date the taxpayer wrote his letter of withdrawal. Therefore the suit was untimely and summary

judgment in favor of Donovan was proper. The government timely appealed.

## II

Summary judgment is appropriate when the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The district court correctly concluded that no genuine issues of material fact remained, but that the sole question at issue was a question of law: when the statute of limitations began to run. This court reviews the grant of summary judgment *de novo*, using the same standard as the district court. *Cornist v. B.J.T. Auto Sales, Inc.*, 272 F.3d 322, 326 (6th Cir. 2001).

The offer in compromise was memorialized on IRS Form 656. Form 656 contains several provisions relevant to this appeal. Item 8 outlines the conditions to which Donovan agreed by submitting the offer. Paragraph (e) of that item reads: "I/we waive and agree to the suspension of any statutory periods of limitation (time limits provided for by law) for IRS assessment and collection of the tax liability for the tax periods identified in item (5)." Paragraph (m) reads: "The offer is pending starting with the date an authorized IRS official signs this form and accepts my/our waiver of the statutory periods of limitation. The offer remains pending until an authorized IRS official accepts, rejects or acknowledges withdrawal of the offer in writing." The immediately following paragraph, paragraph (n), reads: "The waiver and suspension of any statutory periods of limitation for assessment and collection of the amount of the tax liability described in item (5), continues to apply: while the offer is pending (see (m) above) . . . and for one additional year beyond each of the time periods identified in this paragraph."

The government argues that the offer in compromise was "pending" until the withdrawal was acknowledged, and the exact language of the acknowledgment letter does not affect

the form waiving the statute of limitations. It cites the language of paragraph (m), which reads: "The offer remains pending until an authorized IRS official . . . acknowledges withdrawal of the offer in writing." It argues that some affirmative action by the government, accepting the offer, rejecting the offer, or acknowledging its withdrawal, is required in order to set the statue of limitations running again. The government argues that the form letter sent to Donovan contains the effective withdrawal date merely to indicate that the government can no longer accept the offer in compromise, and that this has nothing to do with when the statute of limitations begins to run again.

The question of whether the language of an agreement is ambiguous is a question of law. *Parret v. Am. Ship Bldg. Co.*, 990 F.2d 854, 858 (6th Cir. 1993). Once the language of a contract has been held to be ambiguous, the interpretation of such language is a question of fact that turns on the intent of the parties. *Ibid.* A court, however, may not use extrinsic evidence to create an ambiguity; the ambiguity must be "apparent on the face of the contract." *Schachner v. Blue Cross and Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996).

The district court first found that the terms of the contract were clear and unambiguous. Having done so, it was error for it to go on and attempt to discern the intent of the parties. The intent of the parties is best determined by the plain language of the contract. *United States v. Hodgekins*, 28 F.3d 610, 614 (7th Cir. 1994) (holding that extension of the statute of limitations on IRS Form 2750 is given effect in accordance with its plain meaning).

While we recognize that Form 656 could have been more clearly drafted, and perhaps should be, the key language of Form 656 – that the "offer remains pending until an authorized IRS official . . . acknowledges the withdrawal of the offer in writing" – is unambiguous on its face. The IRS acknowledgment letter itself does not contradict the plain

terms of Form 656. We find persuasive the government's argument that the date of the effective withdrawal of the offer is a different matter from that of the date when the offer is no longer "pending" pursuant to paragraph (m). It may indeed be true, as the district court states, that "the withdrawal of an offer in compromise is effective as of the date the taxpayer writes his letter of withdrawal." That judgment, however, would be true as a matter of substantive contract law. *See* Restatement (Second) of Contracts § 42 (1981). However, the statute of limitations question turns on when the offer ceases to be "pending" under paragraph (m) of Form 656. The latter controls when the statute of limitations begins to run again.

An objection could be made that the government could control and manipulate the statute of limitations simply by failing to acknowledge the withdrawal of an offer. That argument, which we do not address here, could arise in a future case if there appeared to be a factual basis for it. Here, however, the government cannot possibly be charged with unreasonable delay in sending an acknowledgment of the withdrawal seven business days after receiving a letter withdrawing the offer in compromise.

The district court erred in granting summary judgment to Donovan. The statute of limitations began to run again on April 28, 2000, the date of the acknowledgment in writing of the withdrawal of the offer in compromise. The suit is not untimely.

### III

For all of the reasons set forth above, we REVERSE and REMAND to the district court with instructions to enter summary judgment in favor of the government.