122 T.C. No. 7

UNITED STATES TAX COURT

JOSEPH DUTTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17802-02.          Filed February 11, 2004.

        P submitted a request for relief from joint and
several liability.  P subsequently submitted an offer
in compromise, which R accepted.  Before the offer was
accepted, R sent P a letter explaining that it was
proposed that P be granted relief under sec. 6015(c),
I.R.C., and that P would be entitled to a refund.
After accepting the offer, R sent P a notice of
determination denying relief from joint and several
liability under former sec. 6013(e), I.R.C., and sec.
6015(b), (c), and (f), I.R.C.  P petitioned the Court
under sec. 6015(e)(1), I.R.C.  P argues that the
statement that P would be entitled to a refund resulted
in a mutual mistake of material fact or
misrepresentation sufficient for the offer in
compromise to be set aside.  For the first time in his
answering brief, P argues that the doctrine of
equitable estoppel applies.

Held: There was no mutual mistake or misrepresentation sufficient to cause the offer in compromise to be set aside. P's equitable estoppel argument is not considered because it was not timely raised.

John R. McCabe, for petitioner.

Patrick W. Lucas, for respondent.


OPINION


GOEKE, Judge: This matter is before the Court on the issue of whether petitioner is barred from seeking relief from joint and several liability under former section 6013(e)[1] and section 6015 for the years 1986 and 1987 because he entered into an offer in compromise with respondent for those years. We hold that the offer in compromise is valid and petitioner is barred from seeking relief from joint and several liability.

## Background

The parties submitted the issue fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner's mailing address was in Yorba Linda, California, at the time he filed his petition.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended. Dollar amounts are rounded.

On September 3, 1999, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, requesting relief from joint and several liability for the taxable years 1984, 1985, and 1986.

On April 24, 2001, petitioner submitted an amended Form 656, Offer in Compromise, wherein he offered to compromise all income tax liabilities, including any interest, penalties, additions to tax, and additional amounts required by law, for the years 1986, 1987, and 1993 through 1999.[2]  Petitioner's offer was to pay $6,000 at a rate of $250 per month.  Petitioner's offer in compromise was based on doubt as to collectibility, not on doubt as to liability or the promotion of effective tax administration. The Form 656 states that "Once the IRS accepts the offer in writing, I/we have no right to contest, in court or otherwise, the amount of the tax liability."  The form provides that the offer in compromise may be withdrawn at any time before the Commissioner accepts the offer.  Petitioner was represented by Carlton V. Phillips, Jr. (Mr. Phillips), during the offer in compromise proceedings.

By letter dated May 7, 2001, D. Zukle (Mr. Zukle), an Internal Revenue Service (IRS) manager, informed petitioner that for 1986 and 1987 it was being proposed that he be granted partial relief from joint and several liability under section

---

[2]Petitioner was married during 1986 and 1987, but was single for the years 1993 through 1999.

6015(c), but that relief under other provisions would be denied in full. In the letter, Mr. Zukle stated that he believed that no additional payments would be due and, that to the best of his knowledge, after the recommended relief was granted, petitioner would be entitled to refunds for 1986 and 1987.

On June 20, 2001, a Form 2848, Power of Attorney and Declaration of Representative, was signed by petitioner and his current counsel, John R. McCabe (Mr. McCabe). Mr. McCabe was retained to assist petitioner in his claim for relief from joint and several liability. On July 9, 2001, Mr. McCabe sent a letter to Mr. Zukle regarding petitioner's entitlement to relief from joint and several liability. The letter stated that an IRS employee reviewing petitioner's claim had referenced section 6015(c) and checked a form stating that there would be no refund of the disputed debt. In another letter to Mr. Zukle, dated July 23, 2001, Mr. McCabe stated that he had recently discussed petitioner's claim for relief with an "Innocent Spouse Coordinator" and had been told that there is no refund provision when a claim is approved under section 6015(c).

By letter to petitioner dated July 25, 2001, respondent accepted the offer in compromise of $6,000, subject to the conditions and provisions stated on the Form 656. The letter listed petitioner's total account balance, as of April 30, 2001, for the years 1986, 1987, and 1993 through 1999 as $185,962.

Balances of $37,162 and $84,124 were shown for 1986 and 1987, respectively. The letter was signed on respondent's behalf by Mark Jaramillo (Mr. Jaramillo), Steve Turner, and K. Vega. Mr. Jaramillo also sent a copy of the acceptance letter to Mr. Phillips on July 25, 2001. Petitioner has completed the payment plan for his offer in compromise, and copies of TXMODA transcripts[3] for the year 1986 and 1987 show a balance due of zero.

By notice of determination dated August 12, 2002, respondent determined that petitioner was not entitled to relief from joint and several liability under section 6013(e) and section 6015(b), (c), and (f) for the years 1986 and 1987.[4] The notice listed Al Petroff as a contact person and was signed by Jon S. Leo, Appeals Team Manager. Petitioner filed a petition under section 6015(e)(1) seeking a review of respondent's determination for the years 1986 and 1987.

---

[3]A TXMODA transcript contains current account information obtained from the Commissioner's master file. "TXMODA" is the command code that is entered in the Commissioner's integrated data retrieval system (IDRS) to obtain the transcript. IDRS is essentially the interface between the Commissioner's employees and various computer systems. Tornichio v. Commissioner, T.C. Memo. 2002-291 n.5.

[4]The evidence in the record does not explain why the notice of determination addressed the years 1986 and 1987 when petitioner's request for relief was for the years 1984, 1985, and 1986. In his petition, petitioner does not seek relief for the year 1984 or 1985.

## Discussion

Petitioner argues that the offer in compromise should be set aside and he should be allowed to seek relief from joint and several liability under section 6013(e) and section 6015(b), (c), and (f) for the years 1986 and 1987.  Respondent argues that the offer in compromise should not be set aside and, as a matter of law, petitioner is not entitled to relief.  The issue we must decide is whether petitioner is barred from seeking relief from joint and several liability because the offer in compromise was accepted or whether the offer can be rescinded on the basis of a mutual mistake or a misrepresentation.

I.   Petitioner's Claim for Relief Under Section 6013(e)

As an initial matter, we address petitioner's argument as it pertains to section 6013(e).  The petition in this case was filed pursuant to section 6015(e)(1).  Section 6015(e)(1) provides jurisdiction to decide the appropriate relief available to the taxpayer under section 6015.  There is no provision in the Internal Revenue Code that allows us to grant relief under section 6013(e) to a taxpayer who files a petition under section 6015(e).  Brown v. Commissioner, T.C. Memo. 2002-187.  Thus, we do not consider petitioner's claim for relief under section 6013(e).

II.  <u>Whether the Offer in Compromise Bars Petitioner From Seeking</u>
     <u>Relief From Joint and Several Liability Under Section 6015</u>

Section 6015 was enacted on July 22, 1998, as part of the
Internal Revenue Service Restructuring and Reform Act of 1998,
Pub. L. 105-206, sec. 3201(a), 112 Stat. 734.  It was given
retroactive effect with respect to any liability for tax
remaining unpaid as of July 22, 1998.  <u>Id.</u> sec. 3201(g)(1), 112
Stat. 740.

Section 6015 provides three avenues of relief from joint and
several liability.  Section 6015(b) provides relief similar to
that available under former section 6013(e), and also allows a
spouse to be relieved from a portion of an understatement of tax.
Section 6015(c) generally provides for an allocation of liability
for deficiencies as if the spouses had filed separate returns.
Section 6015(f) allows for equitable relief in situations where
relief is unavailable under section 6015(b) or (c).

Section 6015(g) governs the allowance of credits and refunds
in cases where the taxpayer is granted relief under section 6015.
Except as provided otherwise in section 6015(g) and in sections
6511, 6512(b), 7121, and 7122, credit or refund is allowed or
made to the extent attributable to the application of section
6015.  Sec. 6015(g)(1).  No refund or credit is allowed under
section 6015(c).  Sec. 6015(g)(3).

Petitioner's claim for relief is under section 6015(b), (c),
and (f) and includes tax liabilities that were covered by the

offer in compromise.  Petitioner has completed the payment plan under the accepted offer.  Respondent argues that the accepted offer precludes petitioner from asserting a claim for relief under section 6015.

Section 7122 governs offers in compromise.  Section 7122(a) authorizes the Commissioner to compromise a taxpayer's outstanding liabilities.  Taxpayers generally submit an offer in compromise according to procedures, and in the form and manner, prescribed by the Commissioner.  Sec. 301.7122-1T(c)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39025 (July 21, 1999).[5]  An offer in compromise may be withdrawn by the taxpayer or his representative at any time before acceptance of the offer. Sec. 301.7122-1T(c)(3), Temporary Proced. & Admin. Regs., supra. The offer is considered withdrawn when the Commissioner receives written notification of the withdrawal of the offer by personal delivery or certified mail, or when the Commissioner issues a letter confirming the taxpayer's intent to withdraw the offer. Id.  Generally, an acceptance of an offer in compromise will conclusively settle the liability of the taxpayer specified in the offer, absent fraud or mutual mistake.  Estate of Jones v. Commissioner, 795 F.2d 566, 574 (6th Cir. 1986), affg. T.C. Memo. 1984-53; Timms v. United States, 678 F.2d 831, 833 (9th Cir.

---

[5]Final regulations under sec. 7122 were promulgated effective for offers in compromise pending on or submitted on or after July 18, 2002.  Sec. 301.7122-1(k), Proced. & Admin. Regs.

1982); sec. 301.7122-1T(d)(5), Temporary Proced. & Admin. Regs,
<u>supra</u>.  In order to reopen the case, the mistake must be mutual
and "of material fact sufficient to cause the offer agreement to
be reformed or set aside".  Sec. 301.7122-1T(d)(5), Temporary
Proced. & Admin. Regs., <u>supra</u>.[6]

An accepted offer in compromise is properly analyzed as a
contract between the parties.  <u>United States v. Donovan</u>, 348 F.3d
509, 512-513 (6th Cir. 2003); <u>Roberts v. United States</u>, 242 F.3d
1065 (Fed. Cir. 2001); <u>Timms v. United States</u>, <u>supra</u> at 833-836;
<u>United States v. Lane</u>, 303 F.2d 1, 4 (5th Cir. 1962); <u>Robbins
Tire & Rubber Co., Inc. v. Commissioner</u>, 52 T.C. 420, 436 (1969).
Consequently, an offer in compromise, like certain other
agreements between the Commissioner and taxpayers, is governed by
general principles of contract law.  Cf. <u>Duncan v. Commissioner</u>,
121 T.C. __, __ (2003) (slip. op. at 6) (contract law applied to
stipulated arbitration agreement); <u>Bankamerica Corp. v.
Commissioner</u>, 109 T.C. 1, 12 (1997) (contract law applied to
stipulations of fact); <u>Dorchester Indus., Inc. v. Commissioner</u>,
108 T.C. 320, 330 (1997) (contract law applied to settlement
agreement), affd. without published opinion 208 F.3d 205 (3d Cir.
2000); <u>Woods v. Commissioner</u>, 92 T.C. 776, 780 (1989) (contract

---

[6]The final regulations under sec. 7122 contain the same
exception for a mutual mistake of material fact.  See sec.
301.7122-1(e)(5)(iii), Proced. & Admin. Regs.

law applied to agreement to extend the period for making assessments).

Mistake is defined in 1 Restatement, Contracts 2d, sec. 152 (1981), as follows:

> (1) Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in sec. 154.
>
> (2) In determining whether the mistake has a material effect on the agreed exchange of performances, account is taken of any relief by way of reformation, restitution, or otherwise.  [Emphasis supplied.]

A mutual mistake exists where there has been a meeting of the minds of the parties and an agreement actually entered into but the agreement in its written form does not express the actual intention of the parties.  Woods v. Commissioner, supra at 782. A material fact is one "that is significant or essential to the issue or matter at hand".  Black's Law Dictionary 611 (7th ed. 1999).

In Hopkins v. Commissioner, 120 T.C. 451, 462-463 (2003), we held that a taxpayer was entitled to raise a claim for relief under section 6015 where a closing agreement under section 7121 was signed before the effective date of section 6015, and the tax liabilities assessed pursuant to the agreement remained unpaid as of the effective date.  The instant case is distinguishable because it involves an offer in compromise under section 7122

that was submitted and accepted after the effective date of section 6015.

Petitioner argues that the offer in compromise should be set aside because Mr. Zukle mistakenly stated that refunds would be allowed for any relief granted under section 6015(c). Petitioner claims that the projected refund allowance would have eliminated his 1986 and 1987 liabilities, fully paid his outstanding balance for 1993 through 1999, and given him a refund of approximately $81,000. Petitioner contends that he would not have agreed to an offer in compromise if he had known he was waiving his right to any refunds.

Petitioner's argument is illogical. Petitioner claims reliance upon the mistaken suggestion in the May 7, 2001, letter that he might receive a refund. That date was approximately 2 weeks after he had submitted the form offering to compromise his liabilities and waive any refunds. Because the Form 656 states that petitioner would no longer be able to contest the amount of his tax liability, there is no indication that at the time the offer was submitted petitioner was under the impression that if the offer was approved, then respondent would issue a refund based on relief granted under section 6015(b), (c), or (f). On the basis of petitioner's own argument, such an offer would have been unnecessary had petitioner believed that he would receive the mistakenly suggested refund. The incorrect statement by Mr.

Zukle and the clarification of the mistake through Mr. McCabe's diligence occurred between the time the offer was made and its acceptance. There is no evidence or reason to believe that petitioner's offer was originally based on his erroneous assumption of the possible refund windfall in the first instance, but if he later wished to withdraw the offer, he had time to do so. There was no mistake at the time the offer was submitted by petitioner or when it was accepted.

As previously noted, a valid offer in compromise conclusively settles a taxpayer's liability. The reference in section 6015(g)(1) to section 7122 indicates that under the offer in compromise petitioner would not be entitled to a refund or credit even if relief was ultimately granted under section 6015(b) or (f).[7] As previously stated, regardless of the offer in compromise, no refund is permitted under section 6015(c). Sec. 6015(g)(3).

Petitioner is correct that Mr. Zukle made a mistake when he told petitioner that he would be entitled to refunds if partial

---

[7]Although not applicable to the instant case because petitioner's request for relief was filed before its effective date, sec. 1.6015-1(c)(1), Income Tax Regs., supports this position because it provides that a requesting spouse is not entitled to relief from joint and several liability under sec. 6015(b), (c), or (f) for any tax year for which the requesting spouse entered into an offer in compromise with the Commissioner that disposed of the same liability that is the subject of the claim for relief. Cf. Hopkins v. Commissioner, 120 T.C. 451, 462 n.16 (2003).

relief was granted under section 6015(c). However, petitioner is incorrect in disputing that the offer in compromise waived his right to any refund based on partial relief under section 6015(c) because, regardless of whether an offer in compromise is involved, refunds and credits are not allowed under section 6015(c).

Petitioner's arguments are also inconsistent with the reason he stated for submitting the offer in compromise and the terms provided on the Form 656. While the claim for relief from joint and several liability was pending, petitioner made the decision to submit the offer to settle his outstanding tax liabilities on the basis of doubt as to collectibility. Petitioner could have chosen to submit the offer in compromise on the basis of doubt as to liability, which would have been consistent with his prior claim for relief from joint and several liability. The Form 656 specifically provided that if respondent accepted the offer, then petitioner would have no right to contest the amount of the tax liability.

Petitioner claims that at the time the offer was approved he still believed that a refund would be allowed. As previously noted, this claim is inconsistent with the terms of the Form 656, section 6015(g), and the statements in the July 2001 letters from Mr. McCabe to Mr. Zukle. In addition, the offer and the request for relief from joint and several liability were two separate

courses of action taken by petitioner using two different attorneys to handle the matters. There is no indication in the record that Mr. Zukle knew of the pending offer in compromise, that the IRS personnel handling the offer in compromise matter represented to petitioner that an accepted offer would not bar him from obtaining refunds if relief was granted under section 6015, or that petitioner ever inquired as to the effect that acceptance of the offer would have on his claim for relief from joint and several liability. In any event, if petitioner had actually believed that he was going to receive a refund based on a grant of partial relief under section 6015(c), then he could have withdrawn the offer before respondent accepted it. As previously noted, petitioner failed to do so.

On the basis of the facts of this case, we find that there was not a mutual mistake sufficient to set aside the offer in compromise. We note that petitioner has completed payment on the accepted offer, and his account balances for the years covered by the offer are zero. Petitioner's tax liabilities of approximately $186,000 for these years were compromised for only $6,000.

III. Additional Arguments

Petitioner cites Staten Island Hygeia Ice & Cold Storage Co. v. United States, 85 F.2d 68 (2d Cir. 1936), and argues that the offer in compromise should be set aside because Mr. Zukle

misrepresented that petitioner would be entitled to refunds under section 6015(c).  In that case, the issue was whether an offer in compromise could be set aside where the taxpayer entered into the agreement after being told by an agent of the Government that the tax liabilities covered in the agreement were not barred by the statute of limitations.  The Court of Appeals for the Second Circuit found that the misrepresentation by the agent induced the offer in compromise, and therefore the agreement was voidable for misrepresentation.  Id. at 71-72.  The circumstances of this case are distinguishable.  As shown by our previous findings, any misrepresentation by Mr. Zukle did not induce the offer in compromise.  If anything, Mr. Zukle's statement that petitioner would be entitled to refunds under section 6015(c) should have induced petitioner to withdraw the pending offer, at least during the period before the mistake was corrected through Mr. McCabe's diligence.  Accordingly, the offer in compromise is not voidable for misrepresentation.

In his answering brief, petitioner argues for the first time that the doctrine of equitable estoppel applies.  Our practice is not to consider new issues raised for the first time in an answering brief.  Krause v. Commissioner, 99 T.C. 132, 177 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994); Weiss v. Commissioner, T.C. Memo. 1999-17 n.5. The parties submitted the issue fully stipulated, and there is no

indication in the record that the equitable estoppel argument was previously raised.  The doctrine of equitable estoppel is not raised in the petition.  Additionally, in his response to a motion for summary judgment by respondent on the same issue involved in this case, petitioner did not argue that the doctrine applied.  Respondent has not had the opportunity to respond to the argument and address the elements of the doctrine in relation to the facts of this case.  Therefore, we will not consider petitioner's equitable estoppel argument.  In any event, for the reasons stated above, this argument is not supported by the chronology and facts and circumstances of this case.

<u>Decision will be entered</u>

<u>for respondent</u>.