123 T.C. No. 15

UNITED STATES TAX COURT

BRADLEY M. AND MONICA PIXLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7093-02L.          Filed September 15, 2004.

H is an ordained Baptist minister.  In this
proceeding to collect Ps' unpaid 1992 and 1993 tax
liabilities by levy, Ps submitted to R's Appeals Office
an offer in compromise, claiming a "tithe to church" as
part of their necessary living expenses.  In evaluating
Ps' ability to pay their outstanding tax liabilities,
the Appeals officer declined to take these alleged
tithing expenses into account.

     <u>Held</u>:  Under relevant provisions of the Internal
Revenue Manual, tithes that a minister is required to
pay as a condition of employment are allowable in
determining ability to pay outstanding tax liabilities.
<u>Held</u>, <u>further</u>, because Ps failed to substantiate that H
was employed as a Baptist minister after R initiated
the collection proceedings, the Appeals officer did not
abuse his discretion by declining to take into account
Ps' alleged tithing expenses.  <u>Held</u>, <u>further</u>, the
disallowance of Ps' alleged tithing expenses for this

purpose did not violate H's First Amendment rights to free exercise of religion.


Tommy E. Swate, for petitioners.

Daniel N. Price, for respondent.


OPINION

THORNTON, Judge:  Pursuant to section 6330(d), petitioners filed a petition for review of an Appeals Office determination sustaining a proposed levy.[1]  The primary issue for decision is whether, in evaluating petitioners' offer in compromise, the Appeals officer should have considered petitioners' alleged tithing expenses in determining whether they had the ability to pay their outstanding tax liabilities.[2]  We must also decide whether respondent's disallowance of tithing expenses for this purpose violates Mr. Pixley's First Amendment right to free exercise of religion.

Background

The parties submitted this case fully stipulated pursuant to Rule 122.  We incorporate herein the stipulated facts.  When

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] A "tithe" is "a tenth part of something paid as a voluntary contribution or as a tax especially for the support of a religious establishment".  Merriam Webster's Collegiate Dictionary 1238 (10th ed. 1997).

petitioners filed their petition, they resided in Newhall, California.

Mr. Pixley is a licensed and ordained Baptist minister. From September 1995 through June 2001, he served as pastor of Grace Community Bible Church, in Tomball, Texas.[3]  Thereafter, petitioners moved to California, and Mr. Pixley was employed as an echocardiographer at Children's Hospital in Los Angeles.

Respondent mailed to petitioners a Letter 1058, Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), dated October 5, 2000, proposing a levy with respect to petitioners' unpaid tax liabilities totaling $19,366.69 for 1992 and $39,851.27 for 1993. In response to this notice, petitioners submitted a timely Form 12153, Request for a Collection Due Process Hearing, dated October 18, 2000, raising an offer in compromise as an alternative to levy.

Shortly after requesting their Appeals hearing, petitioners submitted to respondent a Form 656, Offer in Compromise (offer in compromise), signed October 22, 2000.  Petitioners also submitted a Form 433-A, Collection Information Statement for Individuals, listing a $520 "tithe to church" as a monthly necessary living expense.

---

[3] Until early 2001, Mr. Pixley was also employed by Cardiology Associates of Houston, Texas.

In the Appeals hearing, the Appeals officer requested, on numerous occasions, that petitioners submit evidence that the claimed tithe was a condition of Mr. Pixley's employment. Petitioners failed to respond to these requests. The Appeals Office issued to petitioners a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330", dated March 14, 2002. In the notice of determination, the Appeals Office rejected petitioners' offer in compromise and concluded that petitioners had the ability to fully pay their 1992 and 1993 tax liabilities. The notice of determination stated that petitioners failed to establish that tithes were a condition of Mr. Pixley's employment and that, for purposes of evaluating petitioners' offer in compromise, tithing expenses were disallowed in determining petitioners' ability to pay.

After the notice of determination was issued, the Appeals officer reconsidered petitioners' offer in compromise and gave them additional opportunities to submit evidence that the claimed tithe was a condition of Mr. Pixley's employment. Petitioners failed to submit this information, and the Appeals officer ultimately sustained his rejection of petitioners' offer.

## Discussion

In this case, we are called upon to address for the first time, in the context of an offer in compromise, the treatment of

a minister's tithing expenses for purposes of determining ability to pay outstanding tax liabilities.

## I.   Petitioners' Contentions

Petitioners claim that tithing expenses are incurred as a condition of Mr. Pixley's employment as a Baptist minister and should be taken into account in determining petitioners' ability to pay their taxes.  Petitioners argue that the Appeals officer's disallowance of the tithing expenses for this purpose violates Mr. Pixley's First Amendment right to free exercise of religion.

## II.   Standard of Review

Because petitioners' underlying tax liability was not properly at issue in the Appeals Office hearing, we review the Appeals Office determination for abuse of discretion.  See Keene v. Commissioner, 121 T.C. 8, 17-18 (2003); Lunsford v. Commissioner, 117 T.C. 183, 185 (2001).

## III.  Offers in Compromise

### A.   In General

Section 7122(a) authorizes the Commissioner to compromise a taxpayer's outstanding tax liabilities.  Dutton v. Commissioner, 122 T.C. 133, 137 (2004).  Section 7122(c)(1) provides that "The Secretary shall prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer in compromise is adequate and should be accepted to resolve a dispute."

The regulations state three different grounds for compromising tax liabilities:  (1) Doubt as to liability; (2) doubt as to collectibility; and (3) promotion of effective tax administration.  Sec. 301.7122-1T(b), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39024 (July 21, 1999).[4]  The parties' arguments focus exclusively on the ground of doubt as to collectibility.  Doubt as to collectibility arises if the taxpayer's assets and income are less than the full amount of the assessed liability.  Id.  In determining whether there is doubt as to collectibility, the Commissioner must determine the taxpayer's "ability to pay" the outstanding tax liabilities that are to be compromised.  Sec. 301.7122-1T(b)(3)(ii), Temporary Proced. & Admin. Regs., supra.

B.  Determining a Taxpayer's Ability To Pay

In determining a taxpayer's ability to pay outstanding tax liabilities, the Commissioner takes into account the funds the taxpayer needs to pay basic living expenses.  Id.  The taxpayer's basic living expenses are determined by evaluating the taxpayer's facts and circumstances.  Id.

In evaluating a taxpayer's ability to pay, the Commissioner considers two types of allowable expenses:  (1) necessary expenses, and (2) conditional expenses.  Internal Revenue Manual

---

[4] Final regulations under sec. 7122 were promulgated effective for offers in compromise pending on or submitted on or after July 18, 2002.  Sec. 301.7122-1(k), Proced. & Admin. Regs.

(IRM), secs. 5.15.1.3 and 5.15.1.3.1(1) (Mar. 31, 2000).[5]  For this purpose, a necessary expense is one that is used for a taxpayer's (and his family's) health and welfare or production of income.  IRM sec. 5.15.1.3.2(1) (Mar. 31, 2000).  The expense must be reasonable taking into account family size, geographic location, and any unique individual circumstances.  IRM sec. 5.15.1.2.3(1) and (2) (Mar. 31, 2000).  Expenses that do not qualify as necessary may nevertheless be allowable in certain limited circumstances as so-called conditional expenses.  IRM sec. 5.8.5.4.2 (Nov. 30, 2001).

For purposes of determining a taxpayer's ability to pay, charitable contributions are necessary expenses if they provide for a taxpayer's (or his family's) health and welfare or are a condition of the taxpayer's employment.  IRM sec. 5.15.1.3.2.3(3) and exh. 5.15.1-2 (Mar. 31, 2000).  The IRM specifically addresses tithes to religious organizations, as follows:

> 1.  Question.  If, as a condition of employment, a minister is to tithe, a business executive is required to contribute to a charity * * *, will these expenses be allowed?
>
> Answer.  Yes.  The only thing to consider is whether the amount being contributed equals the

---

[5] On May 5, 2004, we ordered the parties to file additional supplemental stipulations of fact, including stipulations as to the portions of the Internal Revenue Manual (IRM), as in effect for the relevant time periods, that the parties discussed on brief.  The parties made appropriate stipulations and included as exhibits copies of the relevant portions of the IRM.  All references to the IRM are to these stipulated exhibits.

amount actually required and does not include a voluntary portion.  [IRM, Exhibit 5.15.1-3 (Mar. 31, 2000).]

On brief, respondent contends that petitioners' alleged tithing expenses should be disallowed pursuant to IRM section 5.8.5.4.2(9) (Nov. 30, 2001), which states that "Charitable contributions are not allowed."  This IRM subsection, however, relates expressly to <u>conditional</u> expenses, not necessary expenses, and does not purport to override the provisions of IRM Exhibit 5.15.1-3 (Mar. 31, 2000) as set out above.

IV.  <u>Whether the Appeals Officer Abused His Discretion</u>

In the Appeals hearing, petitioners were given the opportunity to substantiate that Mr. Pixley was employed as a Baptist minister.  They failed to do so.  In fact, there is no evidence that Mr. Pixley was employed as a minister when the notice of determination was issued to petitioners in March 2002 or that he has been employed as a minister at any time since.[6] Consequently, even if we were to assume arguendo, as petitioners assert, that "The Southern Baptist Convention has a doctrine that

---

[6] On brief, petitioners allege that after Mr. Pixley left Grace Community Church in June 2001, petitioners moved to California so that Mr. Pixley could prepare to attend a seminary, that he continued his ministry in an unpaid position as a Baptist minister, and that he continued to tithe to keep this position. There is no evidence in the record, however, to substantiate these allegations, and there is no indication that petitioners presented any such evidence to the Appeals officer.  Even if we were to assume arguendo that these allegations are true, they do not establish that tithes were paid as a condition of employment.

its members should tithe ten percent of their income to the church", we are unpersuaded that tithing was a requirement of Mr. Pixley's employment.

We hold that the Appeals officer did not abuse his discretion in disallowing petitioners' claimed tithing expenses.

V.    Petitioners' First Amendment Challenge

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof".

Petitioners contend that respondent's disallowance of Mr. Pixley's tithing expenses for purposes of evaluating their offer in compromise violates the Free Exercise Clause of the First Amendment.  The gist of petitioners' argument, as we understand it, is that by declining to make allowance for tithing expenses in evaluating petitioners' ability to pay their taxes, respondent is effectively reducing the funds that petitioners have available to support their religion and diverting those funds to the U.S. Treasury.

It may well be true that paying their taxes will leave petitioners less funds to support their religion.  But this is a burden, common to all taxpayers, on their pocketbooks, rather than a recognizable burden on the free exercise of their religious beliefs.  Constitutional protection of fundamental

freedoms "does not confer an entitlement to such funds as may be necessary to realize all the advantages of that freedom."  Harris v. McRae, 448 U.S. 297, 318 (1980); see Regan v. Taxation With Representation of Wash., 461 U.S. 540, 550 (1983).

In any event, even if petitioners could demonstrate a recognizable burden on the free exercise of their religious beliefs, the burden would be justified by the Government's compelling interest in collecting taxes and administering a uniform, mandatory, and sound tax system.  See, e.g., Hernandez v. Commissioner, 490 U.S. 680, 699-700 (1989) (quoting United States v. Lee, 455 U.S. 252, 260 (1982), stating that the Government has a "'broad public interest in maintaining a sound tax system,' free of 'myriad exceptions flowing from a wide variety of religious beliefs'"); United States v. Lee, supra at 260 ("Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax."); Miller v. Commissioner, 114 T.C. 511, 517 (2000); Adams v. Commissioner, 110 T.C. 137, 139 (1998), affd. 170 F.3d 173 (3d Cir. 1999).  This compelling Government interest underpins the Commissioner's authority to compromise tax liabilities under section 7122 and to prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an

offer in compromise is adequate and should be accepted to resolve a tax dispute, see sec. 7122(c)(1).[7]

We hold that the Appeals officer's disallowance of tithing expenses in evaluating petitioners' ability to pay their taxes did not violate Mr. Pixley's First Amendment rights to free exercise of religion.

VI.  Conclusion

We sustain respondent's determination in the notice of determination that, for purposes of petitioners' offer in compromise, Mr. Pixley's tithing expenses are not allowable in determining petitioners' ability to pay their outstanding tax liabilities.  Petitioners raise no additional arguments against respondent's proposed collection action.  Consequently, we sustain respondent's determination to proceed with collection of petitioners' tax liabilities by levy.

Decision will be

entered for respondent.

---

[7] The Commissioner states that the objectives of the offer in compromise program are to:  (1) Effect collection of what can reasonably be collected at the earliest possible time and at the least cost to the Government; (2) achieve a resolution that is in the best interest of both the individual taxpayer and the Government; (3) provide the taxpayer a fresh start toward future voluntary compliance with all filing and payment requirements; and (4) secure collection of revenue that may not be collected through any other means.  IRM sec. 5.8.1.1.4(1) (Feb. 4, 2000). These objectives are in furtherance of the Government's greater interest in collecting taxes and maintaining a uniform, mandatory, and sound tax system.