NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0450n.06

No. 08-1771

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 30, 2009**
LEONARD GREEN, Clerk

CHRYSLER REALTY COMPANY, LLC,
fka CHRYSLER REALTY CORPORATION,

      Plaintiff-Appellant,

v.

DESIGN FORUM ARCHITECTS, INC., fka
DESIGN FORUM ARCHITECTURE,

      Defendant-Appellee.

                                 /

On Appeal from the United States
District Court for the Eastern District
of Michigan.

BEFORE:    RYAN, GIBBONS, and SUTTON, Circuit Judges.

RYAN, Circuit Judge.    This appeal is from the district court's judgment dismissing a professional negligence claim, and granting summary judgment for the defendant on a claim for breach of contract. In deciding to dismiss the professional negligence claim, the district court applied Michigan law. But after the district court's ruling, a new case was decided in this circuit that requires that federal law be applied. Therefore, we must return that claim to the district court for reconsideration. We will affirm the district court's decision to grant summary judgment on the breach of contract claim.

**I.**

On October 13, 2003, Chrysler Realty Company, LLC (CRC), contracted with Design Forum Architects, Inc. (Design Forum), to design heating, ventilating, and air conditioning (HVAC) systems for a prototype auto dealership in Las Vegas, Nevada.

Design Forum completed its work by the agreed January 15, 2004, deadline, and left the maintenance and upkeep of the HVAC systems to the dealer. Several months after the project was completed, in April 2004, the dealer complained to CRC that the HVAC systems were not performing adequately. However, CRC did not notify Design Forum of the purported defects and did not provide Design Forum with an opportunity to inspect the systems. Instead, CRC hired another engineer to remove and destroy Design Forum's equipment and to completely install new systems.

On November 11, 2004, CRC notified Design Forum, for the first time, that its systems had not been working properly, that CRC had removed and destroyed Design Forum's entire installation, and that new systems had been installed. CRC demanded $1.4 million in replacement costs. This suit followed, and after motions for dismissal and summary judgment, the district court dismissed CRC's claim for professional negligence, reasoning that CRC destroyed the physical evidence related to the HVAC systems and was therefore barred from bringing its claims against Design Forum. The court then granted summary judgment on particular paragraphs of the complaint pertaining to CRC's breach of contract claim and its claim for unjust enrichment. CRC now appeals the dismissal of the professional negligence claim and the summary judgment for Design Forum on the claim for breach of contract.

**II.**

We review the district court's decision to dismiss a claim for abuse of discretion, and the decision to grant summary judgment de novo. Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 533 (6th Cir. 2002); Middleton v. Reynolds Metals Co., 963 F.2d 881, 882 (6th Cir. 1992).

When a party is found to have deliberately destroyed evidence that is important to the opposing party's ability to present a claim or defend itself from a claim, the court has the discretion to impose sanctions on the spoliating party. Beck v. Haik, 377 F.3d 624, 641 (6th Cir. 2004), overruled by Adkins v. Wolever, 554 F.3d 650 (6th Cir. 2009).

Until this court's recently decided case of Adkins, this circuit had a policy of applying the substantive law of the forum state as it pertained to exclusion of evidence based on spoliation of evidence. Welsh v. United States, 844 F.2d 1239, 1245 (6th Cir. 1988), overruled by Adkins. However, Adkins overruled the Welsh line of cases and held that in cases litigated in federal court, federal law governs the issue of whether evidence should be excluded based on spoliation. Adkins, 554 F.3d at 651. We must, therefore, remand the case to give the district court an opportunity to apply the newly adopted Adkins rule.

In regard to CRC's contract claim, we will apply the substantive law of Michigan, since in diversity jurisdiction cases such as this, we apply the substantive law of the forum state. Himmel v. Ford Motor Co., 342 F.3d 593, 598 (6th Cir. 2003). When interpreting a contract, we look first to the plain language of the agreement to determine the intent of the parties. United States v. Donovan, 348 F.3d 509, 512 (6th Cir. 2003). We consider the entire contract to ascertain the intent of the parties and to give legal effect to the whole agreement. Perry v. Sied, 611 N.W.2d 516, 520 (Mich. 2000).

It is well-established that if one party substantially breaches a contract, it may be precluded from bringing a claim for breach of the same contract. Chrysler Int'l Corp. v. Cherokee Export Co., 134 F.3d 738, 742 (6th Cir. 1998). "The determining factor in Michigan breach of contract cases . . . is [] whether a first breach is 'substantial.'" Id. A breach is substantial when it "'has effected such a change in essential operative elements

of the contract that further performance by the other party is thereby rendered ineffective or impossible.'" Id. (citation omitted).

The contract contains an explicit provision requiring CRC to provide notice of defects in the HVAC systems and give Design Forum an opportunity to cure any defects. Specifically, article 1.2.2.7 requires notice of "any fault or defect in the Project, including any errors, omissions or inconsistencies in [Design Forum's] Instruments of Service." Since CRC was aware as early as April 2004 that the HVAC systems were not working and did not contact Design Forum until November 11, 2004, and then, only after Design Forum's installations had been removed and destroyed, CRC failed to provide the "prompt [] notice" required by the contract and therefore substantially breached the contract.

Article 1.3.8.1A. of the agreement further requires that if a party breaches the contract or is accused of doing so, as Design Forum was here, the non-breaching party (CRC) must provide notice to the breaching party and an opportunity to cure the defect, before it may terminate the contract. Article 1.3.8.1A. provides, in pertinent part:

> The non-breaching party may then terminate this Agreement by written notice if the breaching party does not cure such breach within 30 days after receipt of notice of breach, or, if the breach is not capable of being remedied in 30 days, the breaching party fails to commence the cure within 30 days, and diligently pursue the curative action to completion within a reasonable time.

There is no question that CRC failed to provide Design Forum with notice that the systems were not working properly and the opportunity to cure the purported defects. Indeed, no notice was given to Design Forum until after the entire systems had been torn down and completely replaced.

We agree with the district court that CRC's breach of the notice and the opportunity to cure provisions was a "substantial" breach because, as a result of its breach, Design Forum was deprived of the opportunity to cure the alleged defects, thus "further performance by the other party [wa]s thereby rendered ineffective or impossible." Chrysler Int'l Corp., 134 F.3d at 742.

## III.

For these reasons, we **REMAND** the professional negligence claim for further consideration and **AFFIRM** the district court's grant of summary judgment for Design Forum on the breach of contract claim.