T.C. Summary Opinion 2020-23

UNITED STATES TAX COURT

JUDY YIU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23782-18S.                    Filed August 5, 2020.

Judy Yiu, pro se.

<u>Daniel C. Chavez</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner seeks review under section 6015(e)(1) of the determination of the Internal Revenue Service (IRS or respondent)[2] that she is (1) entitled to partial relief under section 6015(c) and (2) is not entitled to a credit or refund for the amount of partial relief determined for the 2011 tax year.

The issue for decision is whether petitioner is entitled to a credit or refund of $2,500 with respect to the partial relief granted for tax year 2011 pursuant to section 6015(c). See also sec. 6015(g)(3).

---

[1](...continued)
Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.[3] Petitioner resided in California when her petition was timely filed.

Petitioner married James Neiswonger in 1998. During tax years 2011 and 2012 (years in issue) petitioner was employed as a legal assistant in the City Attorney's Office in Los Angeles. Mr. Neiswonger received Social Security disability income and was not employed during either 2011 or 2012. Petitioner and Mr. Neiswonger were divorced in July 2013.

A professional tax return preparer prepared joint 2011 and 2012 Federal income tax returns for petitioner and Mr. Neiswonger. The information included on the tax returns was provided by petitioner and her former husband. Mr. Neiswonger presented the completed returns to petitioner for signature.

---

[3]Attached to the stipulation are two exhibits marked A and B, respectively. Exhibit A is 494 pages (identified as the "entire administrative record") and exhibit B is 13 pages (identified as miscellaneous account transcripts). Rule 91(b) provides that stipulations shall be clear and concise and exhibits should be numbered serially. The parties have not directed the Court's attention to any of the documents in the stipulation that are relevant to the very limited issue in this case. The attachment of an the entire administrative file of almost 500 pages as a single exhibit without identifying the particular documents creates a substantial burden in reviewing the record in a submitted case. We presume that this stipulation was drafted and exhibits compiled by counsel for respondent. We urge counsel to comply with the Rules.

Petitioner and Mr. Neiswonger signed and filed the respective tax returns. Petitioner did not review the tax return for either year before signing it. Mr. Neiswonger had no taxable income for the years in issue; thus the reported income and claimed deductions relate primarily to petitioner. The 2011 income tax return did, however, claim $2,500 of education credits which relate to Mr. Neiswonger.

After an examination of the 2011 and 2012 tax returns, the IRS issued a notice of deficiency for each year and disallowed various deductions and credits claimed on the returns. Neither petitioner nor Mr. Neiswonger filed a petition disputing the deficiencies determined for the years in issue.

Petitioner filed a Form 8857, Request for Innocent Spouse Relief, dated February 7, 2018, related to the years in issue. At some time before filing the claim for relief, petitioner paid the entire deficiency determined for tax year 2011 and part of the deficiency determined for tax year 2012. The IRS allowed petitioner partial relief in that she was relieved of $2,500 for the taxable year 2011 relating to the disallowed claimed education credits. The IRS concluded that those claimed credits were not attributable to petitioner. The IRS further determined that all other items were attributable to petitioner, and therefore she was denied

relief of $1,635 for taxable year 2011 and was not entitled to any other spousal relief.

Petitioner filed a timely petition in response to the IRS' determinations. She has agreed that she is not entitled for relief for tax year 2011 pursuant to section 6015(b) or (f). Further, she agrees that she is not entitled to relief for tax year 2012 pursuant to section 6015(b), (c), or (f).

Petitioner now seeks a credit or refund of the $2,500 portion of the 2011 tax liability for which she was granted partial relief pursuant to section 6015(c).

Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). Section 6015 provides three avenues for relief from that liability to a taxpayer who has filed a joint return. Section 6015(b) allows relief for understatements of tax attributable to certain erroneous items on a return. Section 6015(c) provides relief for a portion of an understatement of tax to a taxpayer who is separated or divorced. Section 6015(f) more broadly confers on the Commissioner discretion to grant equitable relief to taxpayers who otherwise do not qualify under section 6015(b) or (c). See also sec. 6015(e).

With respect to the 2011 tax liability, respondent allowed petitioner partial relief under section 6015(c). The parties agree that petitioner is not entitled to relief under section 6015(b) or (f). This should end the matter, except that petitioner paid the entire 2011 tax liability before filing a claim for relief under section 6015 and now seeks a credit or refund for the amount of relief granted. The problem for petitioner is the clear text of section 6015(g), which governs the allowance of credits and refunds in cases where the taxpayer is granted relief under section 6015(c). Section 6015(g)(3) provides:

> SEC. 6015(g). Credits and Refunds.--
>
> \* \* \* \* \* \* \*
>
> (3) Credit and refund not allowed under subsection (c).-- No credit or refund shall be allowed as a result of an election under subsection (c).[4]

---

[4]Sec. 6015 was enacted on July 22, 1998, as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3201(a), 112 Stat. at 734. In the technical corrections to the Act, Congress amended sec. 6015(e)(3)(A) to clarify that "credit or refund shall be allowed or made to the extent attributable to the application of subsection (b) or (f)." See Omnibus Consolidated and Emergency Supplemental Appropriations Act, 1999, Pub. L. No. 105-277, sec. 4002(c)(2), 112 Stat. 2681. Through the correction, Congress intentionally denied taxpayers any refund under sec. 6015(c). A House report on the legislative change elaborated that an election under sec. 6015(c) "is limited to deficiency situations and only affects the amount of the deficiency for which the electing spouse is liable. Thus, the election cannot be used to generate a refund, [or] to direct a refund to one spouse or the other". H.R. Rept. No. 105-817, at 63-

(continued...)

We have held that a taxpayer is not entitled to a credit or refund for amounts paid relating to relief granted under section 6015(c).  Dutton v. Commissioner, 122 T.C. 133, 137, 140 (2004); Dalton v. Commissioner, T.C. Memo. 2002-288.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.

---

[4](...continued)
64 (1998), 1998-4 C.B. 253, 315-316.  The rules on refunds and credits pursuant to the statute were later moved into sec. 6015(g).